No. 7253.

WIDOW JAMES D. DENEGRE VS. WIDOW ADA PIERCE DENEGRE.

An executrix, who is also the widow in community of the testator, being sued in the former capacity only, but raising, in her defense of the suit, the issue of her rights as usufructuary, will be personally concluded by the judgment and cannot afterwards attack its validity on the ground that she was not cited in her individual capacity.

A suit brought against a succession by the widow of one of the heirs, claiming the usufruct of her deceased husband's share of the estate, is not a real action or one of revendication, and can be brought against the executor alone, without making the heirs parties to it.

The court in which a succession is opened, has sole jurisdiction *ratione materiæ* to construe the will of the testator and to ascertain and pass upon the claims of parties asserting rights under or by virtue of it.

When the question of jurisdiction has been decided by the lower Court on an Exception, and this Court, in adjudicating upon the merits of the case, says that it does not notice the Exception because it was virtually waived by the Answer, the ruling of the lower Court constitutes *res judicata* between the parties on the same question of jurisdiction.

APPEAL from the Sixth District Court for the parish of Orleans. *Rightor* J.

---

*Sam'l P. Blanc* for Plaintiff and Appellant:

First—Consent cannot confer jurisdiction. An exception to the jurisdiction of a court, *ratione materiæ*, cannot be waived. Courts are bound *ex officio* to notice the want of jurisdiction *ratione materiæ*, and that. though no exception be made. C. P. 606, § 6, 608; 1 N. S. 200, 703; 3 N. S. 136; 14 L. 177; 6 R. 365; 11 R. 77; 5 N. S. 10, 11; 12 An. 829; 21 An. 235; 23 An. 210; 25 An. 510; Hermain's Law of Estoppel, p. 356, sec. 146, p. 166.

Second—Where an exception to the jurisdiction *ratione materiæ* was made at the inception of a suit, and overruled by the lower court, on appeal the Supreme Court cannot refuse to consider it for any cause; certainly not, because it has not been pressed in argument, nor reserved in an answer filed after it was overruled by the lower court.

Third—Even where no exception was made, the judgment of a court without jurisdiction *ratione materiæ*, is void. A *fortiori*, if the court refuse to pass on the exception when made, should its judgment be held null? 21 An. 235; 23 An. 210; 25 An. 510; Hermain's Law of Estoppel, p. 356, sec. 146, p. 166.

44 .

Fourth—Therefore, where an exception to the jurisdiction *ratione materiœ* has been formally pleaded at the inception of a suit, and overruled, and, on appeal, the Supreme Court expressly states that it does not pass upon it, and remands the case for further proceedings, and the exception is again formally pleaded, it must be held that the exception is still open, and the question it presents undecided.

Fifth—A proceeding by an heir to divest the widow in community of the usufruct she claims by operation of flaw (the heir claiming that the property subject to the usufruct has been disposed of by will) is a real action, and not within the jurisdiction of the Probate Court. C. P. 4, 5, 12, 983; C. C. 463, 1230, 1245; 1 Mourlon, p. 663; 4 M. N. S. 7?; 5 N. S. 9; 2 La. 23, 26; 11 La. 389, 394; 14 La. 178; 7 An. 477; 27 An. 625; 1 R. 116; 5 R. 314, 320; 10 M. 1; 7 N. S. 470; 12 L. 214; 15 L. 455, 517; 16 L. 89; 10 L. 90; 3 L. 514; 3 An. 582; 8 R. 488; 4 R. 165, 278, 290; 3 R. 100; 17 L. 238; 14 L. 177; 7 L. 378; 1 An. 278.

Sixth—To such a proceeding the widow in community is a necessary party. *Ibid.*

Seventh—She cannot be proceeded against, however, in the Probate Court. 11 La. 21.

Such proceeding, when brought solely against the executrix and executor of the estate subject to the usufruct, does not bring the widow before the court, in her individual or private capacity, in which she must claim and hold the usufruct, even though she herself be the executrix. A judgment against her as executrix is not binding on her as usufructuary, and cannot be enforced against property in her possession as widow in community. A judgment against her in one capacity is not binding on her in any other.

Eighth—Where the purpose of a suit against executors is to obtain an account, to fix the extent of an heir's interest in an estate, and to obtain a delivery thereof, or a judgment, under which the delivery of a fixed sum can be enforced, it is a demand for partition, and all the heirs, and the widow in community, must be joined in the suit. C. P. 123; C. C. 1230-45; 7 An. 477; 10 An. 674; 8 N. S. 347; 2 L. 148; 8 L. 231; 16 L. 157; 6 L. 354.

Ninth—In such a case the Probate Court is without jurisdiction, though some of the heirs are minors. 29 An. 440; 30 An. 93, 140, 182, 1032, 1339.

*Thomas J. Semmes* for Defendant and Appellee.

The opinion of the Court was delivered by

BERMUDEZ, C. J. This is an action to annul a judgment rendered in 1876 by the Supreme Court of the State, by which the judgment of the Second District Court for the parish of Orleans, in favor of the defendants, was reversed and a judgment rendered in favor of the plaintiff in the case.

The defendant in that suit is the plaintiff in the present one.

The grounds of nullity are: want of citation, want of proper parties, want of jurisdiction *ratione materiœ*, and incorrectness of the judgment.

The suit in which the judgment attacked was rendered, was instituted by Mrs. Ada Pierce, widow of John Denegre, against the succession of James D. Denegre, his father. She claimed to be entitled under his will to the usufruct of his share in that estate, which she valued at some $30,000. She prayed that Mrs. James D. Denegre, as executrix, and her co-executors be cited and, after due proceedings, that she be recognized as such usufructuary and paid by the succession an annual interest on the value of her husband's share as an heir.

The defendant pleaded want of jurisdiction *ratione materiœ* and want of proper parties; but those defenses were overruled in the first instance.

Mrs. James D. Denegre, executrix, and her co-executor then answered, admitting undeniable facts and setting up that Mrs. James D. Denegre, as surviving wife in community was, in the absence of any contrary testamentary disposition of her husband, entitled, during her widowhood, to the usufruct of his half in the common assets. They pleaded other eventual defenses, which it is unnecessary to notice, concluding that, therefore, the plaintiff in the suit could take nothing by her action and that her demand should be rejected with costs.

The case was tried. The court rejected the petition of Mrs. John Denegre. On appeal, the Supreme Court reversed the judgment of the lower court and declared Mrs. John Denegre entitled as usufructuary, under the will, to the share of her husband in the succession of his father; the amount of his interest therein to be ascertained in a subsequent proceeding. That judgment became definitive. The opinion was not unanimous, and is not reported.

It is the judgment so rendered by the Supreme Court in favor of Mrs. John Denegre and against the succession of James D. Denegre, which the plaintiff in this action, Mrs. James D. Denegre, seeks to annul.

The grounds set forth in the exception of the executor, in the suit, are reiterated and urged in this action for the nullity of the judgment, but want of citation and incorrectness of the judgment attacked are superadded as further radical causes of complaint.

We will now proceed to consider *seriatim,* in a logical order, those grounds of nullity.

1st. It was unnecessary to cite Mrs. James D. Denegre as claiming the usufruct of her husband's share.

The petition ignored all such claims and assumed that none existed. It is so reticent on the subject, that it was deemed prudent to assert broadly the claim of Mrs. James D. Denegre to that usufruct in the answer, as well to resist plaintiff's demand as to obtain a judicial recognition of it. No other purpose could have been contemplated.

Mrs. James D. Denegre was one of the respondents. It is insisted that she appeared and joined issue only in her capacity of executrix.

We cannot view her appearance in that light.

The rights which Mrs. James D. Denegre asserted, speaking as executrix, were not official, but were individual personal rights. She spoke as executrix to protect herself in her private capacity. She had a right to do so and she has done it.

After voluntarily placing herself thus in court, raising a formal issue on the subject, soliciting and obtaining the action of the Court, how can she consistently complain that she was not brought into Court individually by citation to assert and vindicate her pretensions. Her action in the matter may well be viewed in the light of an intervention.

Want of citation can be set up only by those who did not make themselves parties to a suit, and who should have been connected with it to be concluded by the judgment rendered in it. The rule can receive no application in the cases of those who have voluntarily entered appearance, joined issue and submitted their claims to judicial appreciation. Had Mrs. James D. Denegre not been one of those entrusted with the execution of the will, and had not the executor set up, with her knowledge and distinct authorization, her claim to the usufruct, had she not made herself a party to the proceeding, a different case might have been presented; but after she has permitted her claim to be tested in the form in which it was, she cannot be allowed to plead want of citation, ignorance of a litigation in which her private rights were at stake, and to say that she is not bound by an adjudication which she has herself provoked. 3 An. 167, 174; 8 An. 128; 1 An. 92; Succession of Ames, 33 An. p. —.

2nd. It was not necessary to cite other parties. The action was in no way one in revendication or a real one. It contemplated a recognition of a right, and as a consequence the payment of a sum of *money*, in satisfaction of that right, during its existence. It was an action which could be brought against the executors *alone*. C. P. 123, 924, § 13; 984, 986, 987, 992.

The heirs of James D. Denegre had no interest antagonistical to that asserted by the plaintiff in the right of her husband, one of their co-heirs. Nothing was sought to be taken away from them, or either of them; on the contrary, their interest was common, identical. Any judgment in favor of plaintiff would necessarily have inured to their advantage, without binding them. The issues presented could be well determined in their absence, as they were not indispensable parties. On the assumption that they should have been made parties, the omission to make them such cannot surely (as a ground for the nullity of the judgment rendered) avail those who were parties, forced or voluntary, to the action.

3rd. The Court had jurisdiction *ratione materiœ*. No other court could have entertained jurisdiction to construe the will of James D. Denegre, to ascertain and pass upon the claims of parties asserting rights, under or by virtue of it; to allow or reject money demands against the succession; to regulate the distribution of its assets among creditors, legatees, heirs, as long as his legal representatives, entitled to the residue of his estate, had not placed themselves in possession of its assets. All parties interested, as legatees, as heirs, or otherwise, had a right to sue and to be sued, *inter sese*, in the court seized of the settlement of the succession.

An executor who is a creditor, a legatee, an heir, who has interests

adverse to those whom he represents, or claims upon the property in his hands, is authorized to assert those rights in, and to have them adjudicated upon by the probate court. It would indeed be an idle ceremony, practically an impossibility, to have him to distinguish himself as executor, from himself individually, and require him to sue himself or be sued in both capacities. Rather than to exact such a vain thing the law authorizes him to assert, at will, his personal rights in his representative or official capacity. 3 An. 167, 174; 1 An. 92; 8 An. 128; Succession of J. H. Ames, No. 8022, 33 An. p. —.

Judgments rendered in proceedings in which executors have asserted individual rights, must be considered as rendered by courts necessarily competent *ratione materiæ* and *personæ* and as conclusive, when definitive, in both capacities. 5 L. 237; 17 L. 15; 10 R. 194; 3 An. 172; 22 An. 109, 140; 23 An. 292, 638; 26 An. 90; 27 An. 593; 30 An. 752; 32 An. 1080; R. S. 2011; L. D. 160.

4th. Whether the judgment assailed was or not correctly rendered, whether it wrongs or not the party cast, is a question which can never form a legal ground of nullity, and one which we have no authority to pass upon in a suit to annul. In a proper case it might be entitled to some weight in the scales of equitable justice.

The defendant in this action has pleaded the judgment attacked as *res judicata*. As a rule this cannot be done, as the object of the action to annul is precisely to have it declared that the judgment assailed is no judgment *at all.* 29 An. 5099. It is only on the assumption that it is not a valid and binding judgment that it can be set up as *res judicata.* Until then the defense is a *petitio principii.* But rules have their exceptions which confirm them.

It is true that the decision on a question of jurisdiction, made by a tribunal, is not always obligatory in a different one whose aid is invoked to enforce it; but when such decision is made in an inferior court and is not avoided and reversed by the appellate court, and this last court, in the exercise of its appellate and plenary and revisory powers, proceeds to adjudicate on the merits of the controversy, the question of jurisdiction must be considered as definitively set at rest under the ruling of the lower court, and cannot be again agitated between the same parties, on the same subject matter, in the same controversy, and before the same tribunal, particularly when, as in this case, the judgment of the appellate court was acquiesced in by a voluntary compliance with its directions.

In the course of the opinion delivered by the Supreme Court in 1876, the Justice who delivered it said :

" There was an exception to the petition, which was overruled, but the answer virtually waived it and it has not been pressed here. We will not, therefore, notice it."

It was impossible to render the judgment which the court did, without necessarily maintaining the ruling of the Second District Court on the exception to the jurisdiction and to the want of proper parties. The judgment of the lower court was expressly noticed by the appellate court. It was not reversed. It remained unrevised, undisturbed and thus virtually affirmed. It thus constitutes *res judicata* on the *second* and *third* grounds of nullity herein urged, as we hold that the parties to the present action were parties morally and legally identical in the suit in which the judgment assailed was rendered.

The judgment appealed from is affirmed with costs.

Rehearing refused.