(113 So. 544)

No. 27998.

### Succession of LEROY.

May 23, 1927.

*(Syllabus by Editorial Staff.)*

Executors and administrators ☞438(5)—Succession; after default by executor in suit by legatee, heir intervening before judgment was signed held entitled to defend on behalf of succession (Civ. Code, arts. 1630, 1633; Code Prac. art. 123).

After default by the executor in legatee's suit to obtain real property, under testator's will where testator's heirs were not made par-

ties or cited *held* that where one of them intervened before the judgment was signed he should have been allowed to defend the suit on behalf of the heirs, in view of Code Prac. art. 123, and Civ. Code, art. 1633, notwithstanding that Civ. Code, art. 1630, seems not to require that the testator's heirs be cited as defendants in a demand upon the executor for the delivery of a legacy.

Appeal from Civil District Court, Parish of Orleans; M. M. Boatner, Judge.

In the matter of the succession of Martin J. LeRoy. Suit by Mrs. Alice Jaquet Fried to compel the executor of Martin J. LeRoy, deceased, to deliver property given to her under the testator's will, in which Alfred E. Grosz as executor of George A. LeRoy intervened. Judgment by default. From judgment denying intervener's petition for new trial he appeals. Mrs. Lillian LeRoy Grosz, an heir, also appeals. Judgment annulled, and case remanded, with instructions.

E. Howard M'Caleb, of New Orleans, for appellant Alf E. Grosz.

Deutsch & Kerrigan and Spencer, Gidiere, Phelps & Dunbar, all of New Orleans, for appellee Fried.

O'NIELL, C. J. Martin J. LeRoy died at his residence in New Orleans on the 25th of April, 1920, leaving as his heirs at law a sister, a nephew, a grandnephew and three nieces. He left an olographic will, dated the day he died, in which he disposed of several special legacies, and appointed Edwin I. Mahoney executor, with seizin of the estate and without requiring bond. The will was probated on the 28th of April, 1920, and Mahoney was confirmed as testamentary executor.

The will is so badly worded that the meaning of some of its dispositions is doubtful. That is true of the disposition of the property described as Nos. 3018 and 3020 North Rampart street, claimed by Miss Alice Jacquet (now Mrs. Fried), who was the testa-

tor's housekeeper. The disposition is a continuation of a bequest supposed to have been made to the sister of the testator, viz:

" * * * and to her I give and bequeath the Property 3022–3024 N. Rampart Street also the contontents [contents] of my home 527 Montegut street including all lumber Tools chickens & coops with the exception of the bedrom [bedroom] set wish [which] I give and bequeath to my faithful [house] Keeper Miss Alice Jaquet I also give and bequeath the property #3018–3020 N. Rampart street, in this city."

The fourth line from the end of the quotation, viz, "bequeath to my faithful [house] Keeper," is the last line on the first page of the will; and the third line from the end of the quotation, viz, "Miss Alice Jaquet I also give and," is the first line on the second page of the will.

On the 8th of June, 1920, Mrs. Alice Jaquet Fried, being then the wife of John Fried, proceeded by rule against the executor to have him deliver to her the premises Nos. 3018–3020 North Rampart street. No further action was ever taken, however, on the rule after it was served upon the executor.

On the 10th of June, 1920, George A. LeRoy, one of the nephews of the testator, filed a petition to annul the will, on the grounds: First, that it was not entirely dated, written, and signed by the testator; and, second, that the testator was not of sound mind at the date of the will. The petition and citation were served upon the executor and upon the heirs of the deceased; but there was no service asked for or made upon Mrs. Alice Jaquet Fried. On the 12th of May, 1921, Mrs. Rosalie LeRoy Koops, one of the nieces of the deceased, also sued to annul the will, on the grounds which we have stated; but there was no service of the citation or petition on Mrs. Alice Jaquet Fried. On the 27th of May, 1921, Mrs. Lillian LeRoy Grosz, another niece of the deceased, joined in the suits to annul the will. The three plaintiffs in the actions to annul the will repeated

163 LA.—35

their attack in their oppositions to the provisional accounts filed by the executor; the oppositions being filed, respectively, on the 20th of May, 1922, and on the 19th and 30th of November, 1925. The nephew, George A. LeRoy, having sued to annul the will, died on the 22d of January, 1922, and his testamentary executor, Alfred E. Grosz, filed the oppositions for his succession on the 19th and 30th of November, 1925.

On the 14th of November, 1925, Mrs. Alice Jaquet Fried again sued the executor to compel him to deliver to her the premises Nos. 3018 and 3020 North Rampart street, as well as the bedroom set in the house No. 527 Montegut street. She did not make the heirs of the testator parties to the proceeding, and they were not cited.

On the 7th of December, 1925, the executor pleaded that the petition of Mrs. Alice Jaquet Fried did not disclose a cause or right of action on her part, according to the terms of the will. The exception of no cause or right of action was overruled. The executor did not answer the suit of Mrs. Alice Jaquet Fried, and in due course a judgment was taken against him by default, and was confirmed on the 15th of February, 1926. On the fourth day afterwards, and before the judgment was signed, Alfred E. Grosz, testamentary executor of the deceased nephew, George A. LeRoy, intervened in the proceeding and asked for a new trial, on the grounds: First, that no citation was served upon or notice given to him or to any other of the heirs or legatees of the deceased Martin J. LeRoy, of Mrs. Fried's proceedings to take possession of the property Nos. 3018 and 3020 North Rampart street; second, that the suits by the heirs to annul the will of Martin J. LeRoy were then pending and undecided; and, third, that the will, if valid, did not give the property Nos. 3018 and 3020 North Rampart street to Mrs. Alice Jaquet Fried. To the petition for a new trial Mrs. Fried pleaded that the inter-

vener had no cause or right of action, that if there was ever any right of action to annul the will it was prescribed as to her, by the lapse of five years, and that, if the intervener had any right or remedy, it was not by petition for a new trial of her suit against the executor. The petition for a new trial was denied, and the judgment against the executor, declaring Mrs. Alice Jaquet Fried to be the owner of the property Nos. 3018 and 3020 North Rampart street and ordering it delivered to her, was signed on the 22d of March, 1926. Alfred E. Grosz, testamentary executor of the deceased nephew, George A. LeRoy, appealed from the decision. So, also, did the niece, Mrs. Lillian LeRoy Grosz, appeal.

It is conceded by the learned counsel for Mrs. Fried that her plea of prescription of five years, which she filed in defense of the intervener's petition for a new trial of her suit against the executor, is not an issue in this appeal, because the suits of the heirs to annul the will, to which suits alone the plea of prescription might be applicable, is not to be decided on this appeal. The testamentary executor of the estate of Martin J. LeRoy was the only party made defendant in the demand of Mrs. Fried to be given possession of the property claimed by her; and the executor, of course, did not contend that the will was null.

The important question is whether the heirs of the testator—and especially the heir who intervened and asked for a new trial before the judgment was signed—should have been given an opportunity to defend the action, brought by Mrs. Fried against the executor, to take possession of the property Nos. 3018 and 3020 North Rampart street, as a legacy to her. Article 1630 of the Civil Code seems not to require that the heirs of the testator should be cited as defendants in a demand upon the executor by a legatee for the delivery of a legacy under a particular title, when the executor has seizin of the estate, or if he has not become functus officio. The article declares:

"The delivery of legacies under a particular title must be demanded of the testamentary executor, who has the seizin of the succession. If the testamentary executor has not the seizin, or if his functions have expired, the legatees must apply to the heirs."

On the other hand, article 123 of the Code of Practice requires that all suits involving title to real estate, against a succession must be brought against both the testamentary executor and the heirs who are present or represented in the state. As a rule, that does not apply to a demand made by a legatee claiming title under and by virtue of the will. Denegre v. Denegre, 33 La. Ann. 689. On the other hand, if the executor, when sued by one claiming title to real estate as a legatee under the will, resists the demand and sets up a serious defense, the heirs, who by article 1633 of the Civil Code are personally bound to discharge the legacies, ought to have an opportunity to defend the suit. It would seem quite unreasonable to hold that the judgment taken by default against the executor in this case, without the heirs having had any knowledge of the suit or opportunity to defend it, should forever deprive them of the property which they alone own if it was not bequeathed to Miss Alice Jaquet. It is not necessary to decide, as an abstract proposition, whether the judgment taken by default against the executor would have been binding upon the heirs of the testator if they had not intervened to prevent its becoming a final judgment against the executor. It is sufficient to say that the one of the heirs who did intervene and ask for a new trial before the judgment against the executor was signed should have been allowed the opportunity to defend the suit on behalf of the succession or of the heirs. The other heirs, also, as the residuary co-owners of the property of the succession, should be made

parties defendant in the suit of Mrs. Alice Jaquet Fried to take possession of the property Nos. 3018 and 3020 North Rampart street.

The judgment appealed from is annulled, and the case is ordered remanded, with instructions to cite the heirs of the deceased, Martin J. LeRoy, as defendants, and to grant a new trial of the suit of Mrs. Alice Jaquet Fried for possession of the property Nos. 3018 and 3020 North Rampart street. The succession of Martin J. LeRoy is to pay the costs of this appeal; the liability for other court costs is to depend upon the final judgment.