## No. 4465.

### Mrs. Jennie Bronson Holbrook vs. A. M. Holbrook.

The lower court having fixed the amount of the appeal bond at a certain sum may, before the execution of the bond, change the amount.

The motion to dismiss an appeal must, in all cases, be made within three days after the filing of the transcript.

A judgment which is itself the object of attack in an action for its nullity, can not be pleaded as *res adjudicata* in bar of the action, if it is brought within a year from the rendition of the judgment.

So long as a final judgment, not absolutely null and void, which decrees a divorce between a certain man and woman, remains in force, the woman cannot maintain a suit for alimony. Until the judgment of divorce has been annulled, the claim for alimony is premature.

APPEAL from the Eighth District Court, parish of Orleans. *Dibble,* J.

*E. K. Washington* for plaintiff and appellee.

*Thos. J. Semmes* and *Robert Mott* for defendant and appellant.

The opinions of the court on the motions to dismiss were delivered by Ludeling, C. J., and DeBlanc, J., and on the merits by Manning, C. J.

Robert Mott, for defendant, contended :

First—That the petition having disclosed the fact, that a divorce had been granted, which had not been reversed on appeal, or annulled by a court of competent jurisdiction, the plaintiff had no right of action for alimony. 18 An. 613 ; 18 An. 41.

Second—That the petition not having disclosed a case for the nullity of the judgment of divorce, the plea of *res adjudicata* was applicable. 3 East 346. See, also, Lord Eldon's opinion in Seddon vs. Tutess, 2 T. R. 607 ; 1 Pothier on Obligations, pp. 428–9 ; do. 420 ; C. C. 2285.

E. K. Washington, for plaintiff and appellant, contended :

First—This being an appeal from a judgment in favor of plaintiff for alimony, no other than the question of alimony *vel non* is examin-

able in the Supreme Court, and that depends on the means and position of the husband.

Second—That since alimony is not dependent on the wife's success, or ill-success, in her suit for separation from bed and board, it is not dependent on any *particular defense* he may set up, and is granted as a preliminary matter.

Third.—That on a simple question of alimony *vel non*, the court can not go into the merits of such questions as whether defendant had obtained a legal divorce or not, as plaintiff has not been heard on those questions, nor is there any appeal before the court in such questions, nor did defendant require a trial of any such peremptory exceptions before the judgment for alimony was rendered, and has waived them, and he can not plead them in the Supreme Court. 1st N. S. 130 ; 23 An. 254 ; 4 La. 482 ; 14 La. 288 ; 15 An. 188.

Fourth—That the case reported in 21 Howard, 588, is one exactly in point, and shows the Supreme Court of the United States would not on a question of alimony go into an investigation of a divorce said to have been obtained by the husband, and said, as it was attended with circumstances of concealment, it could not release the husband from the obligation to support his wife.

Fifth—That in the present case it was declared in the judgment of the lower court, as shown in evidence, that defendant had sent plaintiff and appellee out of the State before his judgment was rendered, and persuaded her it would not be proceeded with, which was a fraud on her and on the court.

Sixth—That it is the duty of courts to maintain the integrity of marriage, and not decide from passion and prejudice rather than law in favor of the wealthy defendant and against the indigent wife.

Seventh—That the continuance of a status, as of husband and wife, which had existed for eight years, must be preserved rather than its dissolution, when the latter is *not res adjudicata*, and a suit to annul it is instituted within a year, under the decisions in 29 An. 597, and many others.

ON MOTION TO DISMISS THE APPEAL.

TALIAFERRO, J. The appellee moves to dismiss the appeal in this case on the ground that the lower court having rendered an order of appeal, and fixed the bond at $13,500, was divested of jurisdiction, and therefore could not subsequently revoke the order and fix the bond for a smaller amount.

On the 19th November, the order of appeal was rendered, and the amount of bond fixed at $13,500. No bond was filed in pursuance of this order. The next day, 20th of November, the court amended the

order, rendered the day previous, by fixing the amount of the bond at $7500. No bond having been given under the original order, the court was not divested of jurisdiction, and might properly amend its order by fixing a different amount of bond. 2 An. 628.

It is therefore ordered that the motion to dismiss be overruled.

---

DeBLANC, J. In this case, the transcript was filed in this court on the 19th of December 1872, and—on the 21st of said month—the plaintiff and appellee moved to dismiss the appeal, on the ground that the bond was not for the amount fixed by the Judge's order. That motion was denied in 1875.

In February and March 1879—more than six years after the filing of the transcript—plaintiff again moved to dismiss the appeal, and—this time—on the grounds:

1. That the transcript is defective, insufficient and incomplete.

2. That—in its own nature and in amount—the decree of the lower court is such that it could not legally have been appealed from.

In "West vs. Davis & Kuntz "—decided on the 7th of April—this court held that the motion to dismiss an appeal must be made within three days after the filing of the transcript, and that it must be so made even when—for the very causes urged by the mover—we may, ex proprio motu and after that delay, dismiss the appeal.

The motions to dismiss, filed by plaintiff in February and March, 1879 are therefore—denied.

---

MANNING, C. J. A long, rambling, and inconsecutive petition, apparently drawn by the plaintiff and signed by herself alone, obscures her demand. From the prayer we gather that it is for a separation and divorce from the defendant, and for alimony, and has coupled with it an action for the nullity of a decree for divorce previously obtained by him against her. This first judgment was rendered December 20, 1871, and was unappealed. The present suit was instituted June 20, 1872.

To this demand, the first judgment is pleaded as res adjudicata. So far as this plea is made to the action of nullity, it is untenable. A judgment, which is itself the object of attack in an action for its nullity, cannot be pleaded as the thing adjudged in bar of such action, if it is brought within a year from the rendition of the judgment attacked. Edwards' case, 29 Annual, 597.

Upon a rule, taken in this suit by the plaintiff, touching the alimony, a judgment was rendered in September 1872 granting it at $250 a month, and this appeal is from that judgment. The husband died in January 1876 pending the appeal, and his executors are now parties to it.

The demand for alimony, by the wife against the husband, is an incident to a suit for separation or divorce—is accessory to it, and inseparable from it. An order or judgment for alimony is made pending such suit. A suit for alimony between such parties, disconnected with and not growing out of a suit for separation or divorce, is an anomaly.

But it does not follow that no judgment for alimony can be given because there is as yet no judgment for separation. On the contrary, the allowance for alimony is always made *pendente lite*, and is not conditioned on the success of the principal demand. Le Beau v. Trudeau, 1 Mart. N. S. 93. Rowley's case 19 La. 557.

The judgment of December 1871, unappealed and unreversed, destroyed the relation of husband and wife. When this suit was instituted in June 1872 that relation did not exist. It is in this sense, we take it, that the plea of *res adjudicata* is made. A demand against a man, not a husband, by a woman, not his wife, for alimony is unknown. It is because of the relation of husband and wife that the right to alimony exists.

The present suit assumes that that relation does exist, or did at the time of its institution. Its object and purpose was to sever it. It assumes that the judgment in the previous suit was and is a nullity. It attacks that judgment for alleged causes of nullity, not absolute but relative, and ignores the effects and consequences of that judgment, and treats it as an absolute nullity *quoad* those consequences. It assumes as accomplished the object which it has to accomplish. It anticipates what it wants to be adjudged, and bases upon the judgment, to be hereafter obtained in that regard, a demand which is only allowable when such judgment has been obtained.

The judgment of divorce of December 1871 had become final. The parties to this suit were thenceforward not husband and wife until that judgment is annulled. As the present suit, so far as it is a demand for alimony, is founded necessarily upon the assumed existence of that relation, it must fall with the removal of its foundation.

The demand is prematurely pressed, and the judgment upon it is error. When a judgment of nullity has been obtained (if the plaintiff shall succeed in that) she will be in a legal condition to have her suit for alimony considered. It is only the interlocutory judgment, decreeing alimony, that is before us. Therefore

It is ordered and decreed that the judgment of the lower court touching the alimony is avoided and reversed, and that the plaintiff's demand in that particular is dismissed as in case of nonsuit, and that the defendant's executors recover of her the costs of this appeal.

Rehearing refused.