88    175
47  1368

## No. 9682.

### P. W. Holliday et al. vs. Zulma Holliday et al.

A partition by sale of promissory notes belonging to a succession under administration, will not be ordered in the absence of proof to show that such a mode of partition is the only convenient one under the circumstances, and when it appears that such a sale could injure some of the heirs who are minors.

The most convenient and the speediest mode of affecting a partition among the heirs of a succession under administration, of past due promissory notes, is to require the succession representative to enforce the collection of the same, and to divide the proceeds among the heirs according to their respective shares. .

APPEAL from the Twenty-third District Court, Parish of Iberville. *Talbot, J.*

*David N. Barrow* for Plaintiffs and Appellants.

*A. Talbot, contra.*

The opinion of the Court was delivered by

Poché, J. This is an action for partition among the heirs of a succession, the principal assets of which consist of cash and of six promissory notes, all past due but one, and all in the hands of the testamentary executor.

Plaintiffs suggest a partition by sale of the notes; one of the defendants wants the partition in kind, the other defendants, among whom are minors, make default, save one of the tutors who desire a partition according to strict law.

P. W. Holliday, one of the plaintiffs, is the debtor for the largest amount, and his two notes are past due.

The judgment ordered the partition in kind, with the collation of P. W. Holliday's indebtedness *pro tanto*.

Plaintiffs have appealed, and their contention is that promissory notes, being indivisible without the consent of the debtors, they are not susceptible of a partition in kind, and that owing to the inequalities of the shares, a partition could not be conveniently made in that mode. But the record contains no evidence on the subject, and we find no steps taken for the appointment of experts to examine into and report on the alleged inconvenience of a partition in kind.

On the other hand, the only defendant who advocates that mode of partition alleges the willingness of certain of the heirs, who are also debtors, to accept certain specified notes in full satisfaction of their respective balances, but she has failed to introduce any evidence on that subject, or in the case at all. It therefore appears that the record is exceedingly unsatisfactory and that neither of the litigants has made reasonable efforts to enlighten the court on the true issues of the cause.

But taking a common sense and a practical view of the question, we are not disposed to coincide with the views of either of the contesting parties or of the district judge.

Conceding that the fundamental rule, which must control the discussion, is that no one is compelled to hold property in common with another, we are inclined to the opinion that the speediest as well as the safest and most equitable way of dividing past due promissory notes among the heirs of a succession which is under administration in the hands of an executor, is by converting them into money by collection. We had no suggestion from any of the parties that the collection of those notes, four of which are secured by mortgage, would be met by any serious opposition or entail very heavy expense, hence a collection is certainly the speediest plan.

Even if it should appear that some of the notes are bad or not easily collected, we fail to see how they could be improved, either by a sale or by a partition in kind.

Every consideration suggested to our minds leads to the conclusion that the condition of the succession, and above all, the interest of the minors, could be best improved or promoted by a settlement in due course of administration than by either of the modes suggested by the contesting parties now before the court.

It is very plain to our minds that the only party to be benefited by a sale of these notes would be the largest debtor, who is one of the heirs, P. W. Holliday, one of whose notes is not secured by mortgage and would doubtless be sold at a sacrifice, to his great advantage, and to the detriment of his co-heirs, principally the minors.

It is the duty of the courts in dealing with questions of partition to prevent just such a contingency.

The course which we have concluded to adopt is in keeping with the views taken of a similar condition of things by our immediate predecessors in the case of Rochereau vs. Maignan, 32 Ann. 47.

In that case the Court refused to countenance a partition by sale of a judgment belonging to a succession, on account of the inevitable

losses to result therefrom to some of the heirs, and of the unequal advantage to be derived therefrom by the party who was provoking that kind of partition, although the judgment was then on appeal, and a collection of the same would necessarily be delayed. The Court then held that equity dictated and our laws sanctioned such a course, in order to equally protect the interests of all parties concerned.

As the only unmatured note owned by the succession in this case will be due and exigible but a short time after this judgment becomes final, the inconvenience of delay will herein be avoided, and the rights of all the heirs in the premises will soon be legally and fairly adjusted in due course of administration.

It is therefore ordered that the judgment appealed from be annulled, avoided and reversed, and that plaintiffs' demand be rejected at their costs in the lower court, as in case of non-suit, and at the costs of appellees on appeal.

### DISSENTING OPINION.

FENNER, J.    The only authority cited in support of the opinion herein is Rochereau vs. Maignan, 32 Ann. 47, which held that where several heirs of a succession under administration were owners in indivision of a judgment, partition by sale of the judgment will not be ordered on the application of one co-owner, when opposed by the others, when no effort has been made to execute the judgment, and when the sale would enure to the benefit of one and to the detriment of the other co-owners.

I consider the authority entirely inapplicable to the instant case, where the estate held in indivision is composed of several mortgage notes not reduced to judgment, and of cash, and where the pleadings present no opposition to a partition, but merely a contest as to whether it should be made in kind or by sale.

I think the decree abrades the absolute right of co-owners to terminate indivision, expressly guaranteed by Art. 1289 of the Civil Code, and disposes of the case upon an issue not raised by the pleadings.

We should content ourselves with determining the only issue presented in the pleadings of the parties and passed on in the court below, viz: whether the partition should be made in kind or by sale.

For these reasons I dissent.