## No. 10,143.

### R. K. ANDERSON vs. GEORGE C. BENHAM.

Parol evidence is inadmissible between the contracting parties to an act of sale of an immovable to prove its simulation. This can only be done by a counter-letter in writing equivalent thereto. To constitute a counter-letter it is not necessary that it should be contemporaneous with the act attacked. It is sufficient to set aside the act if the writing offered against it, of whatever date, contains an admission that the alleged sale was a simulation.

Nor is the plaintiff in such action debarred by any stipulation in the act, or by the warranty contained therein, from proving the falsity of the act.

APPEAL from the Eighth District Court, Parish of East Carroll. *Deloney*, J.

*Montgomery & Ransdell* for Plaintiff and Appellant.

*W. G. Wyly* for Defendant and Appellee.

The opinion of the Court was delivered by

TODD, J. The plaintiff, on the 22d of November, 1870, made a conveyance by act, under private signature, to the defendant, Mrs. Benham, of one undivided half of the plantation described in the pleadings.

On the 22d of May, 1871, he executed another act, by which he purports to have conveyed the entire plantation to George C. Benham, the husband of Mrs. Benham.

On the 5th of February, 1885, he instituted this suit. In his petition he declares, substantially, that in making said conveyances, it was not his purpose or intention thereby to sell the property referred to, or to pass title thereto to the defendants, or either of them, but that the acts were executed for the sole purpose of investing said parties with the ostensible ownership of the property, in order that they might mortgage the same for his benefit, and thereby raise money for him to cultivate the plantation. That such was the understanding of all the parties at the time and was so acknowledged to be by the defendants in a counter-letter subsequently executed. That the acts,

as sales, were pure simulations, and he seeks by this action to have them so declared.

The defendants' answer contains the general issue, claimed possession of the property of defendants, alleged the disturbance of their possession and slander of their title by the plaintiff; and, further, pleaded prescription and estoppel resulting from the stipulations of the acts of conveyance and the express warranty therein contained. During the pendency of the litigation in the lower court, Benham died, and Mrs. Benham qualified as administratrix of his succession, and filed an appearance as his legal representative.

There was judgment in favor of the plaintiff against the succession of Benham, annulling the conveyance to him, and in favor of Mrs. Benham, rejecting the plaintiff's demand as to one-half of the property claimed by her in her own right. From this judgment the plaintiff and Mrs. Benham, as administratrix, have both appealed.

On the trial of the cause, a document was offered in evidence by the plaintiff and received and filed. It was termed a counter-letter by the plaintiff, but its character, as such, was denied, and its admission objected to on grounds that will be noticed hereafter. It was signed by the plaintiff and both the defendants.

To show the character of the document and the intent and meaning of the parties thereto, we extract from it the following clauses:

"I, Geo. C. Benham, hereby acknowledge that R. K. Anderson is the owner of the undivided half interest of the Robertdale plantation, held by me under deed, dated the 22d of May, 1871, situated in * * * East Carroll parish. * * * And I do hold and respect said Anderson as the owner of the before-described land and all the revenues arising therefrom and improvements and appurtenances thereunto belonging, notwithstanding any deed or act of sale of aforesaid date of May 22, 1871, and I hereby obligate myself * * * not to interrupt or disturb him in the quiet and peaceable possession of said undivided half of said plantation, which he now holds and enjoys. * * * The document signed by Geo. C. Benham and his wife, Carrie T. Benham, and R. K. Anderson, dated May 22, 1871, is hereby declared null and void."

This document is essentially a counter-letter. To constitute a counter-letter, it was not necessary that it should have been contemporaneous with the deed to which it referred and purported to control and explain; and if properly admitted must be held conclusive upon the question of sale or no sale.

22

Most of the objections made to the admission of the document related to the character of the instrument, and therefore went to the effect of it.

It appears that it was executed in duplicate—one copy being delivered to the plaintiff and one retained by Benham.

The copy of the plaintiff's was first offered, and was objected to on the grounds, mainly, that it was mutilated ; that is, that several dates appearing therein had been altered, and that plaintiff was bound by the stipulations of the deed and estopped from attempting to show, by any kind of evidence, that the act was false or simulated.

If the act offered was signed by the parties, and that is not questioned, the alterations made in the dates mentioned, if there was such, was not a sufficient ground for the entire exclusion of the document—it only went to the effect of it.

As to the other objection and the question of estoppel, if the act of the 22d of May, 1871, purporting to sell the property to Benham, was a real act, then, of course, the objection was a good one; but if the act was a simulation, as charged, and which it was the purpose of the suit to establish, and the sole question to be determined then, of course, the declarations of the deed, both as to the sale and the warranty, amounted to nothing—they were as if never written, nonexistent. The objection assumes that to be true and real—the deed attacked—which is charged to be fictitious and simulated, and is, therefore, wholly illogical. It is like pleading the judgment itself, which is charged to be null, as *res judicata* against the action to annul it.

This precise question was disposed of in the recent case of Cole vs. Cole, 39 Ann. 878, and adversely to the pretensions of the defendant in the instant case.

This counter-letter or writing was, therefore, properly admitted.

Parol evidence was offered to establish the simulation of the act of the 22d of November, 1870—the conveyance to Mrs. Benham—and was properly rejected, for the reason that a counter-letter, or some writing equivalent thereto, is alone admissible and sufficient to establish the falsity of a regular act of sale of immovable property.

The case, therefore, stands thus :

The plaintiff, by the two acts of the 22d of November, 1870, and May 22, 1871, divested himself of title to the entire Robertdale plantation, by the first-mentioned act, selling the one undivided half of it to Mrs. Benham, and by the other, the entire plantation to George C. Benham.

The counter-letter of the 24th of May, 1875, admits that the act of the 22d of May, 1871, was inoperative and void, and notwithstanding said act that the plaintiff was the owner of one undivided half of the plantation. But there was no admission in the counter-letter, and nowhere else in the record, or other competent evidence to establish the nullity of the conveyance of the 22d of November, 1870, to Mrs Benham. This act, therefore, must be left intact.

The plaintiff, by deeds regular on their face, having transferred to others the entire plantation, must make clear beyond peradventure and by competent evidence, that he is, notwithstanding said act, still the real owner, and that the acts purporting to pass the title from him were false and fictitious.

He charges that the simulation of both acts is to be inferred from the fact that there was a community of acquets and gains existing between Benham and his wife, and his (plaintiff's) conveyance to the latter was, in truth, a conveyance to Benham, and that Mrs. Benham's joining with Benham in the execution of the counter-letter was virtually an acknowledgement on her part that the sale to her was a simulation, and together with the signature of Benham, that both deeds were false or fictitious.

This is not sufficient. It is to be noted that in the counter-letter that there is no allusion to the act in favor of Mrs. Benham, and this instrument admits or declares the ownership of the plaintiff in only one undivided half of the plantation, and not as to the whole of it, as alleged.

It appears, from the record, that this plantation belonged to the matrimonial community that existed between plaintiff's father and mother, both deceased. That one-half of it plaintiff inherited from his father, who died first, and the other half from his mother.

There is a discussion by counsel as to which half of the property was conveyed to Mrs. Benham, whether the portion derived from the father or the mother, and as which portion, under the decree of the lower court, he, plaintiff, is to be recognized as the owner of.

This is a question with which, at present, we are not concerned, and which, if it were material, from the record before us, it would be impossible to determine.

There was a question raised by the pleadings touching the rents and revenues of the property, but by a written agreement of the parties found in the record, this question was reserved for future determination, and this reservation was properly recognized.

The case was tried by a jury, and the judgment upon the verdict, as before stated, was in plaintiff's favor against the succession of Benham, and rejecting plaintiff's demand against Mrs. Benham.

From the conclusion reached by us and announced above, we see no reason to disturb that judgment, and the same is affirmed, with costs.