OVERTON, J.
 

 J. H. Williams died, intestate, on January 19, 1925, leaving five major children, the issue of his first marriage, and a widow and four minor children, the issue of his second marriage. He also left a large estate consisting of both separate and community property.
 

 The widow qualified as natural tutrix of her minor children, with the exception of one who, about that time, was fully emancipated. The widow also made application for the administration of the succession of her husband. Her application was opposed by the children of the first marriage. It was, however, finally agreed that the widow and G. H. Pierson, the husband of one of the children of the first marriage, should administer the succession jointlj'.
 

 In the agreement, in which the foregoing provision was made as to the administration of the succession, provision was made for the settlement of the estate, for the appointment of arbitrators to determine what debts were community debts and what were the separate debts of the deceased, and what property belonged to the community and what to the decedent’s separate estate. The agreement contained no provision respecting the widow’s usufruct, nor as to the interest in the community property or in the separate, estate of the deceased that each child of the decedent should be recognized as entitled to, for the obvious reason that It was assumed that no dispute would arise concerning these matters.
 

 Shortly after the foregoing agreement was entered into, the widoW, personally and as tutrix of her minor children, together with her emancipated child, and the five children
 
 *6
 
 of the first marriage, filed a joint petition, in which they set forth their agreement, and in which they prayed to he sent into possession of the property of the succession. The prayer •of the petition is as follows:
 

 “Wherefore your petitioners pray that they be recognized as the sole and only heirs of J. H. Williams, deceased, that your petitioner, Mrs. Eliza Payne Williams, be recognized as the widow in community; that your other named petitioners, his children, be each recognized as such ; and that they each be recognized as owning an undivided one-ninth interest in the succession of the said J. H. Williams ; and that as heirs and as widow in community that they be sent into possession of all of the property belonging to the succession
 
 ;
 
 that your petitioner,
 
 the toidow in community, he sent into possession of the community property, one-half in her oivn right and, the other half as usufructuary;
 
 and your petitioners, the children, be sent into possession of the separate property of the said husband in indivisión and in the proportion of a one-ninth interest to each; that ^he property, both community and separate, be administered under the terms of the agreement until all debts due by the succession are paid; and that their prayer to be sent into possession of said property be subject to the administration of same by the said Mrs. Eliza Payne Williams and G. H. Pierson under the terms of the agreement to the extent of the payment of the debts, and also that all inheritance taxes due the United States and the State of Louisiana be discharged before any judgment is rendered sending them into possession of the said property.” (Italics ours.)
 

 Judgment was rendered on the foregoing petition, in chambers, placing the widow and the heirs in possession, in accordance with the prayer of their petition — that is to say, the heirs were placed in possession of one-ninth each of their father’s half of the community, and one-ninth each of his separate estate, and the widow was. placed in possession of the remaining half of the community as owner, and of the half thereof,, inherited, by the children of both marriages, as usufructuary.
 

 Some time after the widow and the heirs had been sent into possession under the foregoing judgment, counsel for the heirs of the first marriage discovered that there was an error in the. judgment rendered, although it was rendered in accordance with the prayer of the joint petition, in that the widow was given; not only the usufruct of that part of the community inherited by her children, to> which only, so far as relates to the usufruct,, she was entitled under the law, as is provided: by article 916 of the Civil Code, but the judgment also awarded her the usufruct of that part of the community, inherited by the children of her husband’s first marriage, to which, she was not entitled under the law.
 

 Immediately after the discovery of this error, the children of the first marriage, through their counsel, undertook to correct the error amicably, but, failing in this, brought the present suit to construe the judgment to make it conform to what they allege was the intention of the parties, so as to limit the widow’s usufruct to that part of the .community, inherited by her own children, and, in the alternative, to reform the judgment.so as to make it conform to the intent of the parties by thus limiting the usufruct, or to annul the judgement so far as relates to the recognition of the usufruct.
 

 The defenses to the suit are: First, res judicata; second, the prescription of one year; third, no cause of action, and, fourth, estoppel. All of these pleas were sustained by the lower court, and plaintiff’s suit was dismissed.
 

 The plea of res judicata urged is not tenable. The cause of action in this suit and the one in the suit in which the judgment rendered is now sought to.be interpreted, re
 
 *8
 
 formed,
 
 or
 
 annulled, are
 
 not the
 
 same, and therefore the plea of res judicata is not applicable. O. C. art. 2286; Edwards v. Edwards, 29 La. Ann. 597; Denegre v. Denegre, 33 La. Ann. 689; Lazarus v. McGuirk, 42 La. Ann. 194, 8 So. 253.
 

 The plea of prescription of one year, pleaded, cannot be sustained, for, even assuming that the prescription pleaded is applicable here, which is not conceded, the evidence shows that the present suit was brought within one year after the discovery of the error. Therefore the plea should be overruled.
 

 The exception of no cause of action should also be overruled, for we think that the allegations of the petition, showing the true intention of the parties, the error made, and the agreement set out in the petition upon which the judgment was rendered, to the effect that no one should be bound by the proceedings taken under which the judgment, here involved, was rendered, save in certain respects, of which the error, here complained of, is not one, disclose a cause of action. If the parties are not irrevocably bound by the fixing of the usufruct, certainly plaintiffs have a right to correct the error alleged by them. The agreement referred to above will be set out in full in passing on the plea of estoppel.
 

 The plea of estoppel rests upon averments to the effect that plaintiffs were parties to the pleadings on which the judgment here involved was rendered; that the pleadings were approved by them; that the judgment was entered in accordance with the pleadings; that, by reason of the judgment rendered, respecting the usufruct, plaintiffs were required to pay a smaller inheritance tax than they otherwise would have been required to pay; and that, as plaintiffs have received the benefits of the judgment rendered, they are now estopped to question it.
 

 It does not admit of question that plaintiffs, together with the widow and the children of the second marriage, specifically prayed for the particular judgment that was rendered, and that they, through their counsel, inspected the judgment before it was signed and took part in its preparation. It is also equally clear that, when those proceedings were had, plaintiffs were in full possession of all the facts upon which their right rested. Their error was one of law in supposing, which plaintiffs confessedly did, that the widow was entitled to the usufruct of the half of the community property inherited by the children of the deceased, whether all the children were her children or whether some of them were and some of them were not.
 

 Where one makes a judicial declaration and judgment is rendered in accordance therewith, he cannot, to say the least, ordinarily revoke the declaration and attack the judgment under the pretense of having made an error of law. C. C. art. 2291. Nor does it seem to make any difference that the proceeding in which the declaration was made and the judgment rendered was a consent proceeding. Succession of Ruffin, 143 La. 828, 79 So. 421; Succession of Carter, 149 La. 189, 88 So. 788; Succession of Kranz, 162 La. 546, 110 So. 750. Therefore, if the case rested here, likely we should feel called upon to sustain the plea of estoppel. But the case does not rest here. There is an allegation in the joint petition upon which the judgment here involved was rendered which we think is fatal to the plea of estoppel. The joint allegation, which was the agreement referred to in passing on the exception of no cause of action, reads as follows:
 

 “All of your petitioners [referring to both plaintiffs and defendants herein] here aver that the filing of the inventory herein and the listing of the debts due third persons shall in no manner affect the rights of the parties in interest herein to urge any claim that may be due by the community to the separate estate, or by the separate estate to the comma
 
 *10
 
 nity, or any claim or demand which may exist in favor of either of the said estates against any of the heirs, and that the right on final partition of the estate to urge all such character of claims is expressly reserved by each and all of the parties hereto,
 
 and no one shall be estopped or bound by
 
 the filing of the inventory herein
 
 or the proceedings herein taken
 
 only to the extent of being bound by the designation of the property as to whether same is separate or community property, and as to the character of the debts as to whether same are separate or community debts, all in accordance with the terms of the said agreement.” (Italics ours.)
 

 The clause in the foregoing allegation, approved at the time by all parties to this litigation, including the widow in community, to the effect that no one shall be estopped or bound by the proceedings herein taken, save in certain specific respects, refers, inter alia, to any allegation or to the -prayer of the joint petition to be sent into possession, in which the allegation containing the- clause occurs, for that petition is a part of the 'proceedings taken. Hence, by virtue of that clause, plaintiffs are not estopped or bound by the prayer that the widow be'sent into possession as usufructuary of the entire half of thé community that belonged to her husband, for the clause excludes the binding effect of that part of the proceedings. We also think, because of that clause and the fact that the consent judgment rendered is entirely based on the petition, containing that clause, with the agreement for the settlement of the estate, attached thereto, that plaintiffs are not estopped from attacking and correcting that part of the judgment awarding the widow, in accordance with the prayer of the petition, the usufruct on the portion of the community property inherited by plaintiffs herein. It is true that the joint allegation or agreement containing that clause is not incorporated in the judgment. . However, it was not necessary to incorporate it there. The allegation contained nothing for the court to adjudicate upon. It amounted merely to an agreement fixing the effect of the consent proceedings taken by the parties.
 

 It is not a sufficient answer to the foregoing to say, with respect to the clause under consideration, that it was not intended to have the effect here given it, for the reason that, if such were the case, the clause would result in the rendition of a judgment that, would have no binding effect among the parties, save in certain specified respects. The answer to this is that such was the kind of judgment the parties to the proceedings desired. The entire matter was an amicable ax'rangement among them. What they wanted was to have the inheritance taxes fixed and settled and to be sent into possession, preparatory to raising money with which to settle the debts of the succession and to partition its property. They did not care for a judgment binding in all respects.
 

 For these reasons the judgment appealed from is annulled and set aside, the exceptions and pleas filed are now overruled, and this case is remanded to be proceeded with according to law.