LAND, J. . .
 

 Plaintiffs have brought the present suit to. construe a judgment rendered on petition, in which plaintiffs joined, placing the widow and heirs of J. H. Williams, deceased, in posses: sion, so as to make the judgment conform .to the parties’ intent or to annul it.
 

 This cáse was before us for the first time in Succession of Williams, 168 La. 2, 121 So. 171. From an adverse judgment in that case, plaintiffs appealed. This judgment was annulled and reversed, and the case was remanded. On remand, judgment was rendered in favor of plaintiffs, and from this judgment defendants have appealed.
 

 The defenses to the first suit were res judicata, prescription of one year, no cause of action, and estoppel. All of these defenses were overruled for reasons assigned in Succession of Williams, above cited. As the judgment rendered in that ease became final after application for rehearing was refused, the attempt of defendants to reiterate these defenses on the trial of the case, after remanded to the lower court, is futile, as these issues were all foreclosed by the final judgment of this court, rendered in Succession of Williams.
 

 In the agreement entered into by plaintiffs and defendants for the administration and settlement of the estate of J. H. Williams, deceased, no provision had been made respecting the widow’s usufruct, but the prayer to be sent into possession contained the following provision; “That your petitioner,
 
 the widow m community, be sent into possession of
 
 
 *248
 

 the community property, one-half in her own right and the other half as usufructuary.”
 

 In accordance with the prayer of the petition, the first judgment rendered in the lower court placed the widow in possession of the remaining half of the community as owner,
 
 amd as usufructuary of the half inherited by the children of both marriages.
 
 Plaintiffs are the children of J. H. Williams, deceased, by his first marriage. The defendant Mrs. Eliza Payne Williams is the surviving widow of deceased by a second marriage, and the other defendants are the children of that marriage.
 

 As pointed out in the opinion in Succession of Williams, the widow of decedent, under article 916 of the Civil Code, was entitled only to the usufruct of that part of the community inherited by her children, and not to the usufruct of that part of the community inherited by the children of her husband’s first marriage.
 

 In referring to the agreement entered into by plaintiffs and defendants for the administration and settlement of the estate of J. H. Williams, deceased, this court said in Succession of Williams, 168 La. 4, 121 So. 171, 172: “The agreement contained no provision respecting the widow’s usufruct, nor as to the interest in the community property or in the separate estate of the deceased that each child of the decedent should be recognized as entitled to,
 
 for the obvious reason that it was assumed that no dispute would arise concerning these matters.”
 
 In other words, these were matters that the law itself regulated, and it was the clear intent of the parties in interest that each of the heirs should receive such part of the estate as heir, and the surviving widow such ownership in and usufruct of the community property as the law had provided for in such eases.
 

 ■ This intent is made plain by the prayer in the first petition that the widow be sent into possession of the community property, one-half in her own right and as usufructuary of the other half. Each of the children of J. H. Williams is recognized in the judgment first rendered as owning an undivided one-ninth interest in his succession, and Mrs. Eliza Payne Williams is recognized as the widow in community. The heirs were placed in possession of one-ninth each of their father’s half of the community, one-ninth each of his separate estate, and the widow was placed in possession of the remaining half of the community as owner and of the half thereof inherited by the children of both marriages, as usufructuary.
 

 Manifestly, it was not the intention of the parties to create a conventional usufruct in favor of the widow, and without any consideration whatever therefor, of that part of the community inherited by the children of her husband’s first marriage, to which she was not entitled under the law.
 

 The fact that there were children of different marriages was overlooked by tae attorneys on both sides, and, consequently, the widow’s restricted right to a usufruct in such cases likewise escaped their attention.
 

 The judgment appealed from is in accordance with the law of the case as settled by Succession of Williams, 168 La. 2, 121 So. 171, and is correct.
 

 We held in that case that plaintiffs had set forth a cause of action. The additional point which counsel for defendants attempted to raise in the lower court on remand, that, had he not been mistaken as to the law of usufruct, he would not have advised the widow to have bought certain property which she did buy belonging to the succession, is clearly not admissible in this case, nor can
 
 *250
 
 it be admitted for tbe purpose of affecting tbe issue in the case. There was mutual error on the part of all the counsel in the case as to the law of usufruct. It was as much the duty of counsel for defendants as it was the duty of counsel for plaintiffs to have known the law.
 

 Besides, Mrs. Williams has not testified in the case that, had she known the law of usufruct, she would not have bought the property. Nor has she made any proposition or offer to rescind any sale to her by the parties in interest.
 

 Judgment affirmed.