18 So.2d 661

**COURET et al. v. COURET et al.**

No. 37045.

May 22, 1944.

Rehearing Denied June 26, 1944.

Cameron C. McCann and Edward R. Schowalter, both of New Orleans, for appellants Gustave and Nelson Couret.

Ernest J. Robin, of New Orleans, for appellee Dr. Maurice Couret.

Louis B. Claverie and Richard B. Montgomery, Jr., both of New Orleans, for appellees Wm. H. and John P. Couret.

O'NIELL, Chief Justice.

The plaintiffs are appealing from a judgment maintaining a plea of estoppel and exceptions of no cause or right of action and dismissing their suit. It is a suit to annul a judgment rendered by consent of the parties on the 21st day of May 1942 in a case entitled Gustave Couret v. Walter Garmard et al. The appellants set forth six grounds on which they contend that the judgment complained of, dated May 21, 1942, should be annulled, namely:

1. That the judgment by its terms is conditioned upon the attorneys' (representing the opposing litigants) reaching some agreement in the future on the very question presented to the court for decision.

2. That the provisions of the judgment are contradictory in that it approves and homologates certain accounts filed by two of the defendants, John P. Couret and William H. Couret, as executors of their father's estate and as mandataries under a power of attorney from the heirs, dated August 25, 1931, and at the same time the judgment maintains certain oppositions which are said to have been leveled at every item on the accounts.

3. That the judgment complained of, dated May 21, 1942, is in direct conflict with the proper procedure in that it orders that certain promissory notes owed by one of the defendants and belonging to all of the parties to this suit jointly shall be sold at public auction instead of ordering the notes collected, and that the judgment thereby destroys the value of the notes, which are the principal assets to be partitioned among the parties to the suit in which the judgment dated May 21, 1942, was rendered.

4. That the judgment dated May 21, 1942, being a consent judgment, was merely a contract between the plaintiff and the defendants in the suit in which the judgment was rendered, and was not an adjudication of their rights; and that the so-called judgment or contract is voidable under article 1846 of the Civil Code because the sole and only cause for the contract or decree was a mistake of law.

5. That, through a mistake of law, the decree allows attorneys' fees to the defendants in the suit in which the judgment was rendered, which was a contested partition suit; and that the allowing of at-

torneys' fees in a contested partition suit is expressly forbidden by Act No. 69 of 1918.

6. That, through another mistake of law, the consent decree allows compensation to two of the defendants in the suit in which the judgment was rendered, namely, John P. Couret and William H. Couret, for their services as mandataries under a procuration which made their services as mandataries gratuitous, according to the provisions of article 2991 of the Civil Code.

The defendants' plea of estoppel and their exceptions of no cause or right of action are founded upon one and the same contention, namely, that the judgment complained of, dated May 21, 1942, was not only a consent judgment but also a compromise judgment, and was consented to by the plaintiffs in this suit under the advice of the attorneys then representing them, and with full knowledge of all of the facts on which the judgment was to be rendered.

As a rule, of course, in a suit to annul a judgment, it would be begging the question to allow the judgment sought to be annulled to have the effect of res adjudicata, or to let it serve as the basis for a plea of estoppel. Edwards v. Edwards, 29 La.Ann. 597; Holbrook v. Holbrook, 32 La.Ann. 13; Heroman v. Louisiana Institute, 34 La.Ann. 805; Anderson v. Benham, 40 La.Ann. 336, 4 So. 454; Lazarus v. McGuirk, 42 La.Ann. 194, 8 So. 253; Succession of Williams, 168 La. 1, 121 So. 171. But calling the defense, set up in the present case, a plea of estoppel, as well as an exception of no cause or right of action, is a matter of no importance. The question presented by the pleas is whether the plaintiffs, on the face of the record, are bound by the judgment which was rendered with their consent and as a compromise settlement of the issues presented in the suit in which the judgment was rendered.

The pertinent facts as set forth in the petition in this suit, and in the judgment which the plaintiffs are suing to annul, are as follows: The plaintiffs, Gustave Couret and Nelson Couret, and the defendants, Dr. Maurice Couret, William H. Couret, John P. Couret, and their brother, Dr. John Sidney Couret, now deceased, were sent into possession of the succession of their father and mother, John F. Couret and Mrs. Louise Lamothe Couret, as their only heirs, on September 21, 1931, by a judgment of the Civil District Court for the Parish of Orleans. John Sidney Couret died on June 17, 1942, and by a judgment of the civil district court his widow, Mrs. Alphonsine B. Montagnet Couret, and his daughter, Miss Margarite Louise Couret, were sent into possession of his estate; and they are defendants in this suit. John P. Couret and William H. Couret were the testamentary executors of the will of their father and they qualified as such. Soon afterwards they were given a procuration by all of the co-heirs to manage the estate of their father and mother. One of the brothers, Dr. Maurice Couret, was in debt to the extent of $24,014.42, which amount was paid by the mandataries with funds belonging to the estate of their father; and Dr. Maurice Couret gave his three promissory notes for the amount to the mandataries. The notes were secured by the

pledge of certain collaterals which were worth less than the amount of the debt. It is alleged in the plaintiffs' petition that the mandataries, John P. Couret and William H. Couret, "consistently failed and refused to make any effort to collect the said debts from Dr. Maurice Couret". In May 1937 Gustave Couret brought suit against his co-heirs for a judgment ordering John P. and William H. Couret to render a full and complete account of their administration, as executors and as mandataries, of the property entrusted to them in their fiduciary capacity, and of the proceeds and avails thereof. The plaintiff, Gustave Couret, prayed also for the appointment of a notary public to make an inventory of the property of the estate, and for a judgment ordering a partition, either by licitation or in kind, between him and the co-owners of the property, and condemning the mandataries to pay to the plaintiff such amount as would be determined to be due him from the accounting and partition which he asked for. John P. Couret and William H. Couret employed a firm of attorneys one of whom represents them on this appeal, and in their answer to the suit they set up a claim of $3,000 compensation for their services,—claiming $1,000 as their fee as executors and $2,000 for their services as mandataries for the period since the date of their appointment in 1931. They claimed also a fee of $1,000 for the services of the firm of attorneys employed by them, "rendered to the estate of John F. Couret, outside of these proceedings",— meaning outside of the suit of Gustave Couret v. Walter Garmard et al. John P. and William H. Couret filed an elaborate

and detailed account of their administration, covering fourteen typewritten pages. Gustave Couret filed an opposition to the account, averring generally that he opposed every item on it and required strict proof thereof, and averring specifically that he opposed the claims of John P. and William H. Couret for fees as executors and as mandataries, amounting to $3,000, and for $1,000 for their attorneys' fee. Thereafter pleadings were filed from time to time by John P. and William H. Couret and by Gustave Couret; and a hearing of the case was postponed from time to time until January 13, 1942. On that day the case, presenting the oppositions to the account filed by John P. and William H. Couret in their answer to the suit, came on for hearing. The plaintiff, Gustave Couret, was present in court with his attorneys, Messrs. Fletterich and Favret; John P. and William H. Couret were present with their attorneys, Richard B. Montgomery, Sr., and Jr., and Louis B. Claverie. The other defendant, Dr. Maurice Couret, was not present in court when the case was called for trial. A compromise agreement was then entered into by and between the plaintiff, Gustave Couret, and the defendants, John P. and William H. Couret, on the advice and with the approval of the attorneys representing both sides. The agreement was made subject to its being approved by Dr. Maurice Couret, and was dictated to and taken down and transcribed by the court stenographer. It commences thus:

"In final settlement and determination of the issues raised by these oppositions, it

is now stipulated and agreed by and between Gustave Couret, on the one part, and John P. and William H. Couret, on the other part, that John P. Couret and William H. Couret be recognized as entitled jointly to a fee of $500.00 for all services rendered by them as executors of the Succession of John F. Couret and as agents, attorneys in fact and managers, or administrators, of said Estate, from the date of the death of John F. Couret up to the present time and throughout these proceedings and up to the termination thereof by final disposition of all assets; and that Messrs. Montgomery, Montgomery & Fenner be recognized as entitled, as attorneys at law, to a fee of $750.00 in payment of all legal services rendered by them in these proceedings and to be rendered by them in these proceedings up to the final termination thereof, and up to the final disposition of all of the assets. Except as hereinabove set forth, the oppositions shall be maintained."

The agreement went on to provide that Gustave Couret on the one side and John P. and William H. Couret on the other side, through their attorneys of record, respectively, should collaborate with each other with a view to effecting a quick and complete partition of all of the remaining assets, and that the securities pledged to secure the note of Dr. Maurice Couret should be partitioned in kind, so far as such a partition would be feasible, as determined by the attorneys for the parties, and that the remaining securities pledged to secure the debt should be sold for the best price obtainable; that the value of the pledged securities to be partitioned in kind should be determined as of the date of the partition, with the approval of the attorneys for the parties, and that the value thereof should be credited on the debt of Dr. Maurice Couret; that the net proceeds of such of the securities as could not be partitioned in kind should be credited likewise on the debt of Dr. Maurice Couret; that thereafter all of the remaining assets of the estate, with the exception of the notes of Dr. Maurice Couret, should be partitioned among the parties; and that an amount should be reserved sufficient, in the opinion of the attorneys for all parties, to take care of the future costs; that thereafter the notes of Dr. Maurice Couret should be sold at public auction for cash to the highest bidder and for the best price obtainable; and that the proceeds realized from the sale, together with any balance remaining of the amount reserved for costs, should be distributed among the parties so as to finally conclude the partition of the estate; that the fee allowed John P. and William H. Couret, amounting to $500, and the fee allowed for their attorneys, amounting to $750, should be paid out of the funds on hand at the time of the distribution of the proceeds of the sale of the collaterals and the sale of the remaining assets except the note of Dr. Maurice Couret; that the original account and supplemental accounts filed by John P. and William H. Couret should be approved and homologated, *as amended only by this stipulation relative to the fees of John P. and William H. Couret and the fee of their attorneys;* and that upon the filing of an approval of the agreement by Dr. Maurice Couret the court should render a judgment in accordance

with this agreement of the parties to the litigation. On May 14, 1942, the parties filed in court a written approval, signed by Dr. Maurice Couret on April 8, 1942, of the agreement made in open court on January 13, 1942, a transcript of which agreement also was filed in court on May 14, 1942. On that day the judge rendered and on May 21 signed the consent judgment which the plaintiffs are suing to annul.

■ The complaint that the judgment by its terms is conditioned upon the attorneys representing the opposing litigants reaching an agreement upon the very question that was presented to the court for decision has reference, as explained in the brief for the appellants, to the provision in the judgment that the attorneys for the plaintiff and defendants should agree upon what part of the collaterals pledged to secure the debt of Dr. Maurice Couret should be partitioned in kind, and should agree upon their value, before the partition should be made. It is possible, of course, that that part of the consent judgment may become unenforceable by a failure of the attorneys to agree upon the part of the collaterals that should be divided in kind, or by their failure to agree upon the value of the collaterals. But that contingency would not justify an annulment of the consent judgment, especially so far as it settles the dispute that was at issue between the plaintiff and the defendants concerning the amount of the fees to be allowed John P. and William H. Couret.

■ The second complaint of the plaintiffs in this suit, namely, that the provisions of the judgment are contradictory in that the judgment approves and homologates the accounts rendered by John P. and William H. Couret and at the same time maintains certain oppositions to the accounts, is based upon an erroneous interpretation of that part of the judgment. The declaration in the judgment that the accounts are approved and homologated, and that the oppositions thereto filed by Gustave Couret are maintained subject to the allowance of a part of the fees claimed by John P. and William H. Couret for their services and for the services of their attorneys, means merely that the oppositions of Gustave Couret were maintained to the extent of rejecting $2,750 of the $4,000 of fees claimed, and that the account was approved to the extent of $1,250 of the $4,000 of fees claimed. That is explained in the concluding sentence in the first paragraph of the compromise agreement on which the judgment was founded,—which paragraph we have quoted in this opinion.

■ The third complaint of the plaintiffs in this suit is that the judgment which they are suing to annul is in conflict with the proper procedure, in that the judgment orders the promissory notes owed by Dr Maurice Couret to be sold at public auction, instead of ordering the notes collected, and that the judgment thereby destroys the value of the notes. The question whether the ordering of the notes to be sold at public auction was in accordance with proper procedure, and whether it might impair or even destroy the value of the notes, was a matter to be considered—and which we assume was considered—by the plaintiffs

in this suit at the time when they entered into the agreement that the compromise judgment should order that the notes should "be sold at public auction for cash, to the highest bidder, for the best price obtainable". The case of Holliday v. Holliday, 38 La.Ann. 175, cited by the appellants in this case is not appropriate because, in the Holliday case the complaint, that the district court had ordered certain promissory notes to be partitioned in kind, was brought up to this court by an appeal from the judgment which ordered the notes to be partitioned in kind; and it was in the judgment rendered on the appeal that it was held that the proper procedure was first to attempt to collect the notes. The decision would be appropriate here if the judgment complained of in this case had not been rendered by consent of the parties who are now complaining, and if their complaint had been made in answer to the suit, and by an appeal from the judgment complained of, instead of by way of a suit to annul the judgment. Likewise, in the case of Rochereau v. Maignan, 32 La.Ann. 45,— cited as authority for the decision in Holliday v. Holliday,—the complaint against the ordering of a money judgment to be sold to effect a partition among the co-owners of the judgment was made in answer to the suit for a partition, and was brought to this court by an appeal from the judgment ordering the sale to effect a partition.

The fourth cause for which the plaintiff seeks to annul the judgment dated May 21, 1942, is that the judgment, being a consent judgment, was merely a contract between the plaintiff and the defendants in that suit and was not an adjudication of their rights, and hence that the so-called judgment or contract is voidable under article 1846 of the Civil Code, which provides: "Error in law, as well as error in fact, invalidates a contract, where such error is its only or principal cause," et cetera. This complaint is followed by the (5th) complaint that it was a mistake of law to allow the defendants' attorneys' fees to the amount of $750 because the allowance of an attorney's fee in a contested partition suit is expressly forbidden by Act No. 69 of 1918; and that complaint is followed by the (6th) complaint that the allowing of compensation to two of the defendants as mandataries in the suit in which the judgment dated May 21, 1942, was rendered was a mistake because it is declared in article 2991 of the Civil Code: "The procuration is gratuitous unless there has been a contrary agreement."

The fourth contention, that the so-called errors of law referred to in the fifth and sixth contentions were the sole and only cause for making the contract, is contradicted by the admission in the plaintiff's petition that the judgment was not only a consent judgment but a compromise judgment, in which the defendants, John P. and William H. Couret, were allowed only $500 for their claim of $3,000 and were allowed only $750 for their claim of $1,000. The fact that the consent judgment complained of in this case was a compromise judgment is what distinguishes this case from the Succession of Williams, 168 La. 1, 121 So. 171, where none of the parties to the suit intentionally yielded or conceded

anything in favor of any other party to the suit. A compromise agreement is defined in article 3071 of the Civil Code as an agreement made between two or more persons who, for the purpose of preventing or *putting an end to a lawsuit,* adjust their differences by mutual consent, in an agreement which each one of them prefers to the hope of gaining, balanced by the danger of losing.

 Act No. 69 of 1918 is entitled an act to provide for the fixing of the fee of the attorney for the plaintiff in all partition suits where there is no contest by the defendant and no attorney employed by him, and to provide for the assessment of the fee as costs. The act contains a proviso that no part of the fee so allowed shall be paid out of money adjudged to belong to an absentee or a minor represented by a curator ad hoc, or out of the portion of the proceeds going to one or more of the defendants in the suit· represented by an attorney employed by him. There is nothing in the statute to prohibit the allowing of an attorney's fee by consent of all of the parties to the suit. Besides, the claim of $1,000 for the attorneys' fee was made expressly for services rendered "outside of" the partition suit.

The provision in article 2991 of the Civil Code, that services rendered under a procuration are presumed to be gratuitous unless there is a stipulation to the contrary, does not forbid a party who has given a procuration or mandate to agree afterwards to allow the mandatary compensation. Hence it was not unlawful, or against public policy, for the judgment complained of in this case to allow compensation to the mandataries with the consent of all parties to the suit in which the judgment was rendered.

The judgment appealed from is affirmed.

ODOM, J., takes no part.