ELLIS, Judge.
Appellant, Mattie Mae Cole Wilkinson, and appellee, Ben Wilkinson, were divorced on June 29, 1948 through decree of the Twenty First Judicial District Court for the Parish of Tangipahoa, which judgment pronounced one certain tract of land to be community property. No appeal was ever taken from this judgment. On January 26, 1951 appellant filed a suit against her former husband wherein she alleges the mentioned judgment was obtained through fraud. This suit sought to annul the decree and have her declared owner of an undivided one-half interest of certain alleged community property not mentioned in the former judgment. Whether some of this additional property was mentioned in the trial of the divorce proceeding is conjectural since no transcript of the evidence appears in the divorce proceeding, which was filed as an exhibit herein. Various, exceptions were filed by the defendant, the disposition of which cannot be determined from the record, but which are considered abandoned as counsel for the appellee did not require a ruling thereon. Finally, on January 12, 1954 a plea of res adjudicata was filed, and on June 30, 1954 a judgment *108 sustaining this plea and dismissing the suit was signed. From this judgment plaintiff has appealed.
We must observe that the record in this case, to say the least, is very inadequate and incomplete. Also, the record of the divorce case has no transcript of evidence whatsoever, and aside from the petition, its amendment, citation, answer and judgment, contains only a memorandum brief apparently filed by plaintiff. This being true, it is impossible to determine whether the particular properties alleged to have been considered in the divorce suit are the same as those alleged to have been concealed by the plaintiff. Thus the only question presented is whether the divorce judgment could be plead as res adjudicata in a suit seeking its annulment on the basis of fraud.
In Couret v. Couret, 206 La. 85, 18 So.2d 661, 662, our Supreme Court stated:
“As a rule, of course, in a suit to annul a judgment, it would be begging t.he question to allow the judgment sought to be annulled to have the effect of res adjudicata, or to let it serve as the basis for a plea of estoppel. Edwards v. Edwards, 29 La.Ann. 597; Holbrook v. Holbrook, 32 La.Ann. 13; Heroman v. Louisiana Institute, 34 La.Ann. 805; Anderson v. Benham, 40 La.Ann. 336, 4 So. 454; Lazarus v. McGuirk, 42 La.Ann. 194, 8 So. 253; Succession of Williams, 168 La. 1, 121 So. 171. * * *”
The petition in this nullity suit states the defendant’s judgment insofar as it affected the community property was obtained through fraud which had not been discovered by petitioner until less than 12 months from the filing of this suit, which is the prescriptive period for this type of action from the discovery of the fraud. Code of Practice Article 613. Under the broad scope of Article 607 of the Code of Practice the allegations of the petition lay the foundation for a nullity suit. In Vinson v. Picolo, La.App., 15 So.2d 778, at page 780, we find:
“This article has been liberally interpreted as appears by tm following quotation from Succession of Gilmore, 157 La. 130, 102 So. 94, 95.
“ ‘It is true that said petition does not charge “fraud” or the ill practices specifically enumerated in the article of the Code of Practice above cited. The remedy given by said article to annul judgments, however, is not restrictive. The courts of this state will not hesitate to afford relief against judgments, irrespective of any issue of inattention or neglect, when the circumstances under which the judgment is rendered show the deprivation of legal rights of the litigant who seeks relief, and when the enforcement of the judgment would be unconscientious and inequitable. Our courts will follow the general principles of equity jurisprudence applied by the equity courts of the other states of this country in actions of this character. Lazarus v. McGuirk, 42 La.Ann. 194, 200, 8 So. 253; City of New Orleans v. LeBourgeois, 50 La. Ann. 591, 592, 23 So. 542.
“ ‘Courts of equity will not permit one party to take advantages of and enjoy the gains of ignorance or mistake of law by the other, which he knew of and did not correct, especially when a confidential or fiduciary relation existed between them. Pomeroy, Equity Juris., vol. 2, pars. 847, 848, 849, 956 ’
Under the authority of the Couret case, supra, the plea of res adjudicata must be overruled, and accordingly the judgment of the lower court is reversed and this cause remanded for proceedings according to law, at appellee’s costs.