HARDY, Judge.
This is a suit in which plaintiff seeks the correction and amendment of the judgment in a succession proceéding to the extent of decreeing plaintiff to be the sole owner of certain property in the City of Shreveport described as being Lot 113 of Hotch-kiss Subdivision in the City'of Shreveport, Caddo Parish, Louisiana, together with all improvements thereon.
Plaintiff is the daughter and sole heir of one Hobert Hall, who died May 22, 1947, the child of his first marriage to Martha Newton Hall, who died August 19, 1938, and the defendant is the surviving widow of the said Robert Hall, whom he married June 20, 1941, of which union no children were born nor by the parties adopted.
By proceedings in Suit No. 97,423 on the docket of the First District Court, Caddo Parish, Louisiana, filed May 24, 1947, entitled Succession of Robert Hall, the plaintiff, Isabell Hall Alexander, and the defendant, Annie Bell Gilyard Hall, presented a petition to the court and secured a. judgment on the same date .recognizing the said parties as owners and placing them in possession of all the property belonging to the estate of the decedent in the proportion of an undivided one-half interest therein to each.
The petition in the succession, proceeding, to which reference is above made, contains a detailed recital of all pertinent facts, including a detailed descriptive list and valuation of the property comprising the decedent’s estate. ■ Article 7 of the petition specifically. alleges . that the property described as Lot 113, Hotchkiss Subdivision, Caddo Parish, Louisiana, with all buildings and improvements thereon, “was acquired during the existence of the comrnunity of acquets and gains formerly existing between decedent and the deceased- Martha Newton Hall, but that nevertheless petitioners desire that they each be recognized and entitled to a one-half each, as to Annie Bell Gilyard Hall, widow of the decedent herein, and Isabell Hall Alexander, sole surviving .heir of decedent”.
The petition .was verified by proper affidavit signed by both the named parties in which they declared “that they are the petitioners named in the foregoing petition, and that .all of the. facts. alleged therein are correct”.
. ■ ■ Pursuant. to the; representations of the joint- petition, judgment was rendered recognizing petitioners as the surviving spouse and the sole heir of the decedent and sending and' putting them into possession of all the property of the decedent in the proportions of an undivided one-half interest each.. In. the judgment the property involved in,the, instant case was particularly described. ,. ,
:■ In this case exceptions of res judicata and . renunciation, together with a plea of estoppel, :were filed in the District Court on behalf of defendant, and in this court defendant has filed an exception o,f no right or cause of action. There was judgment overruling the exception of res judicata but- sustaining the plea of estoppel and dismissing plaintiff’s suit. Reasons for the judgment were set forth in a forceful, convincing and logical written opinion by our distinguished brother of the District Court. From the judgment of dismissal *918 plaintiff has brought, this appeal' and "the appeal has been answered by defendant, who prays that the exception of res judicata and renunciation be sustained by this Court and that, otherwise, the judgment appealed . from be affirmed.
The only serious defense which appears to have been urged on béhál’f of plaintiff in' the lower Court was the 'plea' that plaintiff was laboring1 under an error of law by reason of which she joined in the succession ’ proceedings above ■' described. This defense is'unavailing-and'untenable under Article 1846 of the Civil Code, which provides that an error of law may 'not be relied upon for the avoidance of a contract unless it was the sole or principal' cause therefor. Plaintiff has made'no allegation to this effect: ' ' “
The correctness of the judgmeri.t of the District Court in sustaining 'the' .plea of 'estoppel -is so unassailable as to obviate the necessity for any extended' discussion. A plainer and moré convincing, illustration of an estoppel by record by judicial declaration could scarcely’ bé conceived. Numerous authorities on the exact point make definite pronouncements in support of this conclusion. Succession of Rufin, 143 La. 828, 79 So. 421; Succession of Carter, 149 La. 189, 88 So. 788; Succession of Kranz, 162 La. 546, 110 So. 750; Succession of Williams, 168 La. 1, 121 So. 171; Doll v. Doll, 206 La. 550, 19 So.2d 249. The cases cited definitely dispose not only of the question of estoppel but also the point raised as to the plea of error in láw.-
In view of the fact that the determination of the'plea of estoppel, in our'opinion, definitely and certainly disposes of this matter, we think no useful purpose would be served by a consideration of the other pleas and exceptions urged on behalf of defendant, though we concede their'merit.
Counsel-'for plaintiff did not'appear before this Court for Oral argument and has contented himself with filing' a one- page brief 'before -this Court. The- effect óf this brief would seem'to indicate'the abandonment of all contentions made on behalf of plaintiff in the lower court W'ith the exception of one point which counsel.' states was raised beloW in connection1 with an application for rehearing. The burden of the argument advanced is that the judgment in the succession proceeding did not follow the prayer of the petition and that the prayer should govern the recovery under the provisions of Article 156 of the Code of Practice.
First, we observe that in our opinion the article referred to has no- possible application. Second, a reading of the prayer of the petition in the succession proceeding indicates that counsel is grossly in error in observing that under said prayer the joint petitioners “only prayed to be put in possession of his (decedent’s) property .* * *” Tim second paragraph of the prayer specifically provides: .“That they be 'declared entitled to the ownership, and s.en.t and put into possession, of all of the property, whatsoever left by decedent, in the proportions of an undivided one-half interest therein, to Annie Bell Gilyard Hall, widow of Robert Hall and an undivided one-half interest therein to Isabell Hall Alexander, wife of Robert Alexander.”
The judgment was responsive to the prayer as made and, accordingly, there can be not the slightest merit in the contention noted.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost,