231 So.2d 647 (1969)
Anicet LAICHE
v.
Estelle B. LAICHE.
No. 7833.
Court of Appeal of Louisiana, First Circuit.
December 22, 1969.
Rehearing Denied March 9, 1970.
*648 Patsy Jo McDowell, Baton Rouge, for appellant.
Carmack M. Blackmon and Walton J. Barnes, Baton Rouge, for appellee.
Before, LOTTINGER, REID and BLANCHE, JJ.
BLANCHE, Judge.
This appeal presents for our consideration the correctness of a judgment rendered by The Family Court for the Parish of East Baton Rouge awarding appellee's wife monthly alimony in the sum of $40.00. A brief narration of the domestic litigation between these parties is necessary for a proper understanding of the issues on appeal.
The record reveals that the parties were married on September 27, 1941, and of this marriage six children were born. On February 12, 1955, Anicet Laiche filed a petition for divorce on the ground of the parties' having lived separate and apart for a period in excess of two years, in which petition the husband expressly stated he had consented and agreed to pay his wife for her support and for the care and support of the minor children of the marriage the sum of $150.00 per month, and in which petition the husband prayed for judgment, inter alia, granting defendant for her support and for the care and support of the *649 six minor children of the marriage monthly alimony in the sum of $150.00. The defendant wife was served personally and on March 15, 1955, judgment was rendered on confirmation of a preliminary default in favor of the husband granting him the divorce as prayed for and further granting to the wife for her support and the care and support of the minor children alimony in the sum of $150.00 per month. On July 15, 1957, judgment was rendered in favor of the husband pursuant to a rule filed by him reducing the alimony and child support to the sum of $100.00 per month. This judgment was subsequently reversed on appeal. Laiche v. Laiche, 237 La. 298, 111 So.2d 120 (1959). During the pendency of the appeal from the July 15, 1957, judgment reducing alimony and child support, the husband, pursuant to rule, obtained a judgment in his favor on July 14, 1958, suspending altogether alimony and child support payments until further order of the Court, he having alleged loss of his employment due to a labor strike. This judgment was subsequently affirmed on appeal. Laiche v. Laiche, 138 So.2d 257 (La.App. 1st Cir. 1962). The next significant development occurred on January 28, 1963, when judgment was rendered in favor of Mrs. Laiche ordering her former husband to pay child support in the sum of $80.00 per month. On February 5, 1968, Mr. Laiche filed a rule to reduce this child support from $80.00 per month to $25.00 per month, which rule was originally scheduled for hearing on February 12, 1968, but was continued and reassigned for February 19, 1968. At this hearing present counsel for Mrs. Laiche filed a rule directing Mr. Laiche to show cause why the child support should not be retained at $80.00 per month and also to show cause why he should not be condemned to pay his former wife the sum of $100.00 per month as alimony for her support. Judgment was rendered on February 19, 1968, and read and signed on February 20, 1968, reducing the child support from $80.00 per month to $50.00 per month and denying the claim of Mrs. Laiche for alimony for the stated reason that she failed to prove that the cause of the separation between the parties was not her fault. Counsel for Mrs. Laiche timely filed a motion for new trial on February 23, 1968, which was assigned for hearing on March 4, 1968. The record reflects that the matter was held open at the conclusion of the hearing on March 4, 1968, for the filing of briefs. On March 15, 1968, counsel for Mrs. Laiche filed a "plea of estoppel" and a peremptory exception of res judicata, both of which pleadings urged that the husband could not deny his former wife's right to alimony. Judgment was rendered on September 17, 1968, and read and signed on September 25, 1968, sustaining the peremptory exception and "plea of estoppel" and ordering a new trial for the limited purpose of determining the amount of alimony to which Mrs. Laiche was entitled. On written motion, the matter was assigned for hearing on October 21, 1968, and at the conclusion of this hearing judgment was rendered on said date and read and signed on October 28, 1968, granting Mrs. Laiche alimony in the sum of $40.00 per month. From this judgment Anicet Laiche perfected a devolutive appeal.
Shortly after oral argument before the Court, Anicet Laiche also took an appeal from the aforementioned judgment on September 17, 1968, and read and signed on September 25, 1968. To this latter appeal Mrs. Laiche filed a motion to dismiss, urging first, that the judgment complained of amounts to an interlocutory order granting a new trial from which no appeal lies; second, that if an appeal were proper it was taken after the delay for taking such an appeal had lapsed; and third, that the required security was not posted.
We are of the opinion that the issues sought to be presented by appellant are properly before this Court. If the judgment represents an interlocutory order from which no appeal would lie, then the matter has properly been presented to us by the first appeal taken by Mr. Laiche.
*650 If it represents a final, appealable judgment, then the appeal was timely taken inasmuch as the judgment appealed from was rendered after the case had been taken under advisement by the trial court, and the record fails to reflect that counsel for appellant was given notice by the Clerk of the signing of said judgment as required by Louisiana Code of Civil Procedure, Article 1913 as amended, which provision governs when the delay for taking an appeal commences. Finally, the argument of appellee that the required security for taking this appeal was not posted should have been presented to the trial court on a motion objecting to the form, substance and sufficiency of the appeal bond as provided by Louisiana Code of Civil Procedure, Article 2088 as amended. On such a motion appellant would have been given an opportunity to furnish new or supplemental security before the appeal could be dismissed. Louisiana Code of Civil Procedure, Article 5125. Furthermore, the security to be furnished for the taking of a devolutive appeal is to be fixed by the trial court in an amount sufficient to secure the payment of the costs. Louisiana Code of Civil Procedure, Article 2124. Nothing appears on the face of this record to indicate the trial court erred in permitting appellant to use the same devolutive appeal bond for this second appeal as was furnished by appellant in connection with the taking of the first appeal, especially since the second appeal required the preparation of no additional record or the transcribing of any additional testimony. Therefore, the motion to dismiss is accordingly denied.
Having disposed of the issues raised by the motion to dismiss, we now turn to the merits of this case.
In its Reasons for Judgment the trial court made the following statement:
"The Court, having addressed itself to the propositions advanced by counsel for defendant in rule, Estelle B. Laiche, is of the opinion that the position taken by counsel for Mrs. Laiche is correct and that the judgment rendered by this Court on the 19th day of February, 1968 and signed the following day, is in error. It is believed by the Court that at the time of the rendition of this judgment neither Court nor either counsel presently involved in this long, prolonged litigation was cognizant of the fact that the matter had been decided by judgment of this Court dated March 15, 1965. That being true, in the opinion of the Court, the judgment of this Court rendered February 19, 1968 and signed February 20, 1968, must, of necessity, be set aside and annulled as erroneous. The exception of res judicata and the plea of estoppel should be and the same are sustained. Therefore, it is ordered that a new trial be granted herein for a proper determination of the amount of alimony that should be due by the husband to his former wife."
Counsel for appellant urges that the trial court committed error in permitting the former wife to recover alimony against appellant where she had not proven herself to have been free of fault and in sustaining the "plea of estoppel" and peremptory exception urging res judicata. While we have no quarrel with the general principle of law that the wife must be without fault in order to recover alimony, we are of the opinion that appellant, under the circumstances of this case, cannot take advantage of this principle to defeat his former wife's claim for alimony for her support.
We are of the opinion that the record in this case clearly reflects that appellant has judicially admitted and confessed his former wife's right to alimony by virtue of: (1) the allegation of his original petition wherein he consented and agreed to pay to her alimony for her support as well as for the support of the minor children of the marriage; (2) his prayer that she be granted such alimony for herself and for the support and maintenance of the children; and (3) the judgment by default submitted by appellant's *651 former counsel to the Court, which judgment granted appellant's former wife alimony for herself as well as for the support of the minor children in accordance with the allegations and prayer of appellant's petition. We feel that the case here encountered is one which properly invites invocation of the rule pertaining to judicial confession enunciated in Louisiana Civil Code Article 2291, which provides the following:
"The judicial confession is the declaration which the party, or his special attorney in fact, makes in a judicial proceeding.
"It amounts to full proof against him who has made it.
"It can not be divided against him.
"It can not be revoked, unless it be proved to have been made through an error in fact.
"It can not be revoked on a pretense of an error in law."
Appellant's only pretense for revoking this judicial confession is an error of law, which under the express terms of the above-quoted article does not suffice. Moreover, the aforesaid judgment, which recognized appellee's right to alimony by making her an award therefor, has been acquiesced in by appellant for many years and has become definitive. While the amount of alimony is always subject to modification according to changes in circumstances, the right to permanent alimony provided by Louisiana Civil Code Article 160 is capable of attaining the authority of a thing adjudged, as has occurred in the instant case.
The case before us also evidences obvious grounds for application of the rule of estoppel. As expressly mentioned in appellant's original petition, appellant "consented and agreed" to pay the alimony to his wife for her support as well as for the support of the minor children of the marriage. It is reasonable to conclude under the circumstances that appellant's wife took no judicial action to seek recovery of alimony for herself for the simple reason that appellant's consent and agreement to pay her alimony precluded her from having to take such action. Considering the forebearance of appellee under these circumstances, appellant should not now be permitted to question appellee's right to alimony. Especially after the lapse of such an extensive period of time, it may be very difficult or conceivably impossible for appellee to obtain competent evidence to establish her right to said alimony.
There being no assignment of error questioning the amount of the alimony awarded to the wife for her support and there being no manifest error patent on the fact of the record with regard to the award made, the judgment of the trial court will be affirmed, all costs assessed to appellant.
Judgment affirmed.