ON REHEARING
PRICE, Judge.
We granted appellees’ application for rehearing to consider whether our opinion reversing the trial court and finding the petition for possession null and void is correct. For the following reasons, we set aside our original opinion and reinstate the judgment of the trial court.
The facts and issues are clearly set forth in our original opinion and for brevity they will not be restated herein. We also continue to adhere to the findings of fact made in the original opinion enumerated as (1), (2), and (3) on pages 339 and 340 thereof.
*341 We originally held that Mrs. Kleinpeter’s participation in the petition for possession was not a judicial confession because this principle applies only to allegations of fact. Since the petition employed procedures expressly prohibited by law, we set aside the judgment of possession, but held that Mrs. Kleinpeter was equitably estopped from participating in her mother’s succession until such time as her brother had an opportunity to revoke his renunciation. Appellees urge on rehearing that the trial court was correct in its determination that Mrs. Klein-peter’s participation in the petition to the court to send her niece and nephew into possession of one-half of decedent’s estate results in a judicial confession which precludes her from now changing her position, and that we erred in setting aside the judgment of possession.
La. C.C. Art. 2291 provides:
The judicial confession is the declaration which the party, or his special attorney in fact, makes in a judicial proceeding.
It amounts to full proof against him who has made it.
It can not be divided against him.
It can not be revoked, unless it be proved to have been made through an error in fact.
It can not be revoked on a pretense of an error in law.
Our original opinion primarily relied on Cheatham v. City of New Orleans, 378 So.2d 369 (La. 1979) for the proposition that a judicial confession applies only to allegations of fact in a judicial proceeding. The Cheatham case was concerned only with a confessed adverse factual allegation in the defendant’s answer. Therefore, that decision cannot be said to be authority for the proposition that a judicial confession applies only to factual admissions and La. C.C. Art. 2291 should not be so restrictively interpreted.
We further held that the petition for possession violated La. C.C. Art. 1024 because Mrs. Kleinpeter accepted only half of the succession due her by permitting her brother’s portion (which she is entitled to as provided for in La. C.C. Art. 1022) to devolve upon his children. Further La. C.C. Art. 899’s prohibition against a child representing a living parent was violated because the Williams children were listed in the petition as co-heirs of decedent.
It is apparent that the manner in which the estate was distributed violated La. C.C. Arts. 1024 and 899. However, we believe that this constituted an error of law (see La. C.C. Art. 1822) under which a judicial confession cannot be revoked. The parties were clearly apprised of all the pertinent facts when the petition was filed. However, they erred in believing that the Williams children could represent their father and in allowing Mrs. Kleinpeter to accept only part of the succession she was entitled to. As the following cases illustrate, heirs in a succession proceeding may not revoke their acquiescence to a petition for possession based upon an error of law.
In Alexander v. Hall, 45 So.2d 916 (La. App.2d Cir. 1950), the daughter and her stepmother filed a joint petition for possession of the daughter’s father’s (stepmother’s husband) estate. Since all of the property belonged to the community of the father and his first wife, the stepmother was not legally entitled to any of it. The daughter later appeared and attempted to claim all of the property. The court held she was judicially estopped from doing so.
In Succession of Williams, 168 La. 1, 121 So. 171 (La. 1929), the parties entered into a petition for possession whereby the second wife received a usufruct over the property of the children not her own. Since La. C.C. Art. 916 grants a parent a usufruct over only the property of her own children, the children complained of this illegal burden. The court said that an error of law would not bar a plea of estoppel under La. C.C. Art. 2291.
Finally, in Succession of Rufin, 143 La. 828, 79 So. 421 (La. 1918), all of the descendant heirs approved a petition for possession. After the judgment of possession was entered, it was discovered that one of the heirs was illegitimate, and therefore not *342 legally entitled to any portion of the succession property. One of the co-heirs attempted to have the judgment set aside. His demands were rejected because of the applicability of La. C.C. Art. 2291. A similar case is Succession of Carter, 149 La. 189, 88 So. 788 (La. 1921). There all of the children, including an illegitimate, were put into possession of their father’s estate. One of the children attempted to have the judgment set aside, but the court denied the demand on finding there was nothing prohibitive of this method of distribution, that it was not contrary to public order, and that all parties who had an interest in the succession were represented. See also Succession of Kranz, 162 La. 546, 110 So. 750 (La. 1926); Doll v. Doll, 206 La. 550, 19 So.2d 249 (La. 1944); and Laiche v. Laiche, 231 So.2d 647 (La.App. 1st Cir. 1970).
In the instant case, Mrs. Kleinpeter, by her participation in the petition for possession, solemnly acknowledged in a judicial proceeding that she was a co-heir with the Williams children in Stella Lea Williams’ succession. She represented that she was entitled to only one-half of the succession property. All parties who had an interest in this succession were represented. There is nothing contrary to public order in the manner in which the estate was distributed. She agreed to this distribution and she cannot now come forth and complain that the petition for possession is null and void as a matter of law.
For the assigned reasons, we set aside our original opinion and reinstate the judgment of the trial court.