CARTER, Judge:
This Court issued a rule ex proprio motu to show cause why this appeal should not be dismissed as untimely filed.
The appeal in this case is from a judgment sustaining an exception of no cause of action and dismissing appellant’s suit to make an Arkansas divorce decree executo-ry, to increase child support, and for child support arrearages plus attorney fees. Arguments were heard on this exception on August 6, 1981.
The trial court took the exception under advisement. On September 22, 1981, the trial court rendered judgment sustaining the exception of no cause of action and dismissed the suit. On October 22, 1981, the formal judgment was signed and filed. On December 23, 1981, a motion for devolu-tive appeal was filed and subsequently signed on December 28, 1981. No notice of judgment was served on, or mailed to, appellant or her counsel.
La.Code Civ.P. art. 1913 provides in pertinent part as follows:
“Except as otherwise provided by Article 3307, when a case has been taken under advisement by the court notice of the signing of a final judgment therein shall be mailed by the clerk of court of the parish where the case was tried to counsel of record for each party, and to each party not represented by counsel.”
Article 1974 of the La.Code of Civil Procedure provides as follows:
“The delay for applying for a new trial shall be seven days, exclusive of legal holidays. Except as otherwise provided in the second paragraph hereof, this delay commences to run on the day after the judgment was signed.
“When notice of the judgment is required under Article 1913, the delays for applying for a new trial commences to *671 run on the day after the clerk has mailed, or the sheriff has served, the notice of judgment as required by Article 1913.”
Both La.Code Civ.P. arts. 3942[1] and 2087[2] provide that the appeal delays commence to run on the day after the clerk has mailed, or the sheriff has served, the notice of judgment as required by Article 1913. Notice of judgment was required in the instant case, but no notice of judgment was ever mailed or served on appellant or her counsel. Since notice was required but was never sent, the appeal delays never began to run, and the appeal was timely filed. See e.g. Laiche v. Laiche, 231 So.2d 647 (La.App. 1st Cir. 1969), writ denied, 256 La. 80, 235 So.2d 101, (1970).
The rule issued herein is therefore recalled as improvidently issued. Costs will be assessed on final disposition of the case.
RULE RECALLED.

. Article 3942 reads as follows:
“An appeal from a judgment granting or refusing an annulment of marriage, a separation from bed and board, or a divorce can be taken only within thirty days from the applicable date provided in Article 2087(1) — (3).
“Such an appeal shall suspend the execution of the judgment in so far as the judgment relates to the annulment, separation, or divorce.”

. Article 2087 reads as follows:
“Except as otherwise provided in this Article or by other law, an appeal which does not suspend the effect or the execution of an ap-pealable order or judgment may be taken within sixty days of:
“(1) The expiration of the delay for applying for a new trial, as provided by Article 1974, if no application has been filed timely;
“(2) The court’s refusal to grant a timely application for a new trial, if the applicant is not entitled to notice of such- refusal under Article 1914; or
“(3) The date of the mailing of notice of the court’s refusal to grant a timely application for a new trial, if the applicant is entitled to such notice under Article 1914.
“When a devolutive appeal has been taken timely, an appellee who seeks to have the judgment appealed from modified, revised, or reversed as to any party may take a devolutive appeal therefrom within the delays allowed in the first Paragraph of this Article or within ten days of the mailing by the clerk of the notice of the first devolutive appeal in the case, whichever is later.”