I .WOODARD, Judge.
We must decide whether a community property settlement partitioned some retirement accounts. Like a contract, when interpreting a settlement, a court is bound to find the parties’ intent within the instrument’s four corners. In the instant case, the trial court resorted to parole evidence to determine the parties’ intent and concluded that the retirement accounts had been contemplated in the community property settlement. After thoroughly reviewing the record on appeal, we find that the trial court erred in its decision. ■ We reverse and remand.
[[Image here]]
Ms. Jo Anne Edwards Holmes and Mr. Donald Ray Willett married on July 24, 1970 and separated on May 12, 1980. They entered into a written community property settlement (the settlement) on May 29, 1980, and the trial court finalized their divorce in a judgment it entered on June 1,1981.
From March 29, 1971 to January 5, 1996, Mr. Willett worked for Procter and Gamble (P & G), which offered its employees retirement benefits in the form of profit sharing trusts and Stock Ownership Plans (the retirement accounts). Upon terminating his employment with P & G, Mr. Willett liquidated these retirement accounts. Ms. Holmes learned about the liquidation, and thereafter, after viewing a television program explaining that such an asset could be community property, she decided to take action and claim the share to which she asserts entitlement.
Accordingly, on October 16, 1998, she filed suit to partition the P & G retirement accounts. After a hearing held on November 8-12, 1999, the trial court denied her petition in a judgment rendered on November 22, 1999. Ms. Holmes appeals.
$ $ ‡ ‡
The only relevant issue, presented on appeal, is whether, at the time of their community property settlement, the divorce settlement contemplated that Mr. Willett would keep the retirement benefits earned during the marriage.
Generally, a divorce settlement, in which parties memorialize their agreements, is a contract to which courts are bound to give legal effect according to the parties’ |2true intent.[1] Courts must seek to ascertain their intent by looking at the *206 instrument’s four corners.[2] Intent may not be explained or contradicted by parole evidence.[3] When the words of a contract are clear and explicit and lead to no absurd consequences, courts shall not interpret it further.[4] The words contained in a contract must be given their generally prevailing meaning.[5] Words which are susceptible of different meanings must be interpreted as having the meaning which best conforms to the contract’s object.[6]
In the case sub judice, Ms. Holmes and Mr. Willett memorialized their community property partition in a settlement, which sets forth, in relevant part:
Jo Anne Edwards Willett does hereby convey, transfer, set over, assign and deliver unto Donald Ray Willett, the following described property, to wit:
1. All of his personal belongings, wherever situated.
2. One 1979 black Ford Pickup Truck, serial number F14HNFE1729.
In consideration whereof, the said Donald Ray Willett, does by these presents, convey, transfer, assign, set over and delivery [sic] unto Jo Anne Edwards Willett, the following described property, to-wit:
1. All of her personal belongings, wherever situated.
2. One 1971 Rampart Mobile Home, serial number GDRFECMM14921.
3. All of the furniture presently situated in the family home.
Appearers agree to assume the responsibility for debts which are secured by mortgages on the property conveyed to them.
13Appearers further agree that the respective conveyances are of equal value.
As a result hereof, the parties hereto discharge each other from any further accounting to the community which formally existed between them, same being fully liquidated as above set forth. This is a final settlement of the community.
(Emphasis added.)
Mr. Willett argued that the retirement in question was accounted for under “his personal belongings” in the contract and that, therefore, those accounts were part of the settlement. The trial court found the word “belongings” to be ambiguous and permitted the parties to introduce par-ol evidence to describe their understanding of the term, concerning Mr. Willett’s retirement accounts. After considering this evidence, the court found that “the retirement agreement was contemplated in this community partition.”
As the term “belongings” is used in this contract, it obviously refers to corporal moveables.[7] Retirement accounts are incorporeal in nature.[8] Furthermore, the word’s qualifier, “personal,” makes it’s meaning crystal clear. Absent a separate property contract, retirement, earned during the marriage, is not personal to one party. It is an asset of the community which both parties own equally The words of this contract should have been given their “generally prevailing meaning.”[9] The meaning of “belongings,” in this context, is clear and explicit.[10] The trial court committed an error of law by permitting parol evidence to vary the terms of the partition agreement. Accordingly, there is no evidence that the accounts were the subject of the community partition agreement in question. As such, they remain community property of the marriage of which Ms. Holmes owns one-half of that earned during the marriage.
*207 The fact that Ms. Holmes’ lawyer drafted the partition agreement or that it contains language that: “This is a final settlement of the community,” does not alter reality — that, at all times relevant to this case, Ms. Holmes owned a one-half interest in these retirement accounts which, for whatever reason, remained unpartitioned in the | ¿contract. Accordingly, we remand the case for further proceedings in conjunction with this opinion and for reapportionment of the settlement, if necessary, in light of the entire community of acquets and gains between the parties.
CONCLUSION
The trial court erred in admitting parol evidence to alter the terms of the partition agreement. We declare Ms. Holmes to be the owner of a one-half interest in retirement accounts which accrued during the marriage. Accordingly, we reverse the trial court’s decision, and remand the case to the trial court for further proceedings in conjunction with this opinion and for reapportionment of the settlement, if necessary, in light of the entire community of acquets and gains between the parties. We cast Mr. Willett with all the costs for the appeal.
REVERSED, AND REMANDED WITH INSTRUCTIONS.

. McCarroll v. McCarroll, 96-2700 (La. 10/21/97); 701 So.2d 1280,

. Id.

. La.Civ.Code art. 1848.

. La.Civ.Code art.2046.

. La.Civ.Code art.2047.

. La.Civ.Code art.2048.

. La.Civ.Code arts. 461 and 471.

. La.Civ.Code art. 461.

. La.Civ.Code art.2047.

. La.Civ.Code art.2046.