862 So.2d 1097 (2003)
Margaret Robinson GRAY, et al., Plaintiffs-Appellants,
v.
Robert Wayne GRAY, Defendant-Appellee.
No. 37,884-CA.
Court of Appeal of Louisiana, Second Circuit.
December 12, 2003.
*1098 Sockrider, Bolin, Anglin & Batte by H.F. Sockrider, Jr., for Appellants.
Jack W. Slaid, Minden, for Appellee.
Before BROWN, WILLIAMS, and STEWART, JJ.
BROWN, C.J.
Did the trial court err in finding provisions in two consent judgments that required the father to pay "monies necessary for the college education of the minor children of the marriage" to be so vague and indefinite that they were unenforceable? For the following reasons, we reverse and render.

Factual and Procedural History
Plaintiff, Margaret Lynn Robinson Gray ("Lynn"), and defendant, Robert Wayne Gray ("Robert"), were married in 1981. Two children, Robert Wesley Gray and Mary Michal Gray, were born to the parties on June 10, 1982, and December 5, 1983, respectively. Robert also had another son from a previous marriage, William Arthur Gray, born on March 10, 1977. Lynn legally adopted William shortly after her marriage to Robert.
On February 23, 1989, Lynn filed for divorce. A Stipulated Judgment on Rule was signed on October 13, 1989, granting joint custody of all three children in accordance with an "Implementation Plan of Joint Custody."[1] Thereafter, a judgment of divorce was rendered and signed on November 6, 1989. Both of these judgments are considered consent judgments and contained the following stipulation:
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of MARGARET LYNN ROBINSON GRAY, and against ROBERT WAYNE GRAY recognizing and homologating the agreement of the parties and therefor ordering that ROBERT WAYNE GRAY provide monies necessary for the college education of the minor children of the marriage, same to be an enforceable obligation contractually even though the children have reached the age of majority prior to the completion of their educational endeavors.
On April 16, 2001, Lynn filed suit against Robert seeking a judgment declaring that the college education provisions were enforceable, and to order payment of such expenses; she also requested that Robert be held in contempt of court for his failure to comply with said provisions and sought an award of attorney fees. On May 29, 2001, this petition was amended to join as plaintiffs Wesley and Mary Michal Gray, who at this time were 19 and 18 years of age.
*1099 By written opinion issued on August 28, 2001, the trial court found that the provisions in both consent judgments were "part of the settlement of the community," and that these provisions were in fact enforceable. A judgment to that effect was signed on October 15, 2001; however, Robert's motion for new trial was granted. The matter was then resubmitted on briefs.
On February 6, 2003, the trial court reversed its prior holding and found:
[T]he contested provision is null and void as it is ambiguous and uncertain as to the expenses to be paid by Mr. Gray. To be enforceable, the agreement must contemplate definite obligations, and this provision fails to do so. The Court lacks authority to substitute its interpretation of what is "necessary" for the intention of the parties ... No contract can arise unless the parties have agreed and consented (to) its terms ... This Court does not believe that the parties could have reached an agreement because the terms are too indefinite.
Judgment was signed on March 21, 2003. From this judgment, Lynn and her two children have taken the instant devolutive appeal.

Discussion
A consent judgment is a bilateral contract which is voluntarily signed by the parties and accepted by the court. It has binding force from the voluntary acquiescence of the parties, not from the court's adjudication. Mobley v. Mobley, 37,364 (La.App.2d Cir.08/20/03), 852 So.2d 1136; Gulledge v. Gulledge, 32,561 (La.App.2d Cir.08/18/99), 738 So.2d 1229, and citations found therein.
When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent. La. C.C. art.2046; Tolar v. Tolar, 25,935 (La.App.2d Cir.06/22/94), 639 So.2d 399. Although a contract is worded in general terms, it must be interpreted to cover only those things it appears the parties intended to include. La. C.C. art. 2051.
The record leaves no doubt that the parties intended that Robert pay for the college costs of all three children. Robert and Lynn reviewed and approved the provision on two separate occasions. We note that Robert provided his oldest son from a prior marriage, William, whom Lynn had previously adopted, with college education funds. He did not, however, provide his other two children, Wesley and Mary Michal, with such monetary support for their respective higher educational endeavors.
An agreement between the parties is supposed to have the effect of law and must be performed in good faith. La. C.C. art.1983; Heck v. LaFourche Parish Council, (La.App. 1st Cir.11/14/03), 860 So.2d 595. Good faith performance is implied into all I contracts. See La. C.C. art. 1759; Reed v. State Farm Mutual Auto. Ins. Co., 03-0107 (La.10/21/03), 857 So.2d 1012. It is not within the purview of this court to relieve an able party such as Robert of his obligation which he freely and voluntarily entered into absent evidence of a vice of consent. No such showing has been made. Consequently, he is bound by such responsibility to fund Wesley and Mary Michal's college educations.
Nonetheless, the words in the provisions of the parties' consent judgments need clarification. Before granting a new trial and reversing his opinion, the same trial court found that "[T]hese parties freely entered into this whole agreement." In resolving what was to be deemed necessary for the children's college education, the trial court explained:

*1100 The word used is "necessary" which implies nothing not necessary. This Court believes a common sense interpretation of the agreement, utilizing the word "necessary" would mean that the expenses to be paid could include:
1. Tuition at any Louisiana state supported college or university;
2. Actual textbook and lab expenses;
3. Actual dormitory (not apartment) fees; and
4. Spending money:
a. Actual cost of meal ticket or if not available, $70 per week;
b. Laundry allowance or $10 per week; and
c. Transportation allowance of $10 per week (bus).
The Court would not include funds for a car, fraternity or sorority expenses; entertainment or "so-called" beer-drinking money. These are not necessary expenses.
We adopt the trial court's initial determination of what are necessary expenses with the following modifications: that it applies to undergraduate studies only and that Robert is entitled to credit for any scholarship, grant, or other program that pays or has paid for any of these expenses.[2]

Conclusion
Therefore, for the reasons stated above, we REVERSE the judgment of the trial court finding the contested provision to be null and void and enter judgment in favor of plaintiffs.
IT IS ORDERED, ADJUDGED AND DECREED that defendant, Robert Wayne Gray, pay past and future educational expenses as outlined in this opinion for Robert Wesley Gray and Mary Michal Gray. Costs are assessed to Robert Wayne Gray.
REVERSED AND RENDERED.
NOTES
[1] Pursuant to the Implementation Plan for Joint Custody filed on October 13, 1989, Robert received domiciliary custody of his oldest son, William. Lynn received domiciliary custody of their daughter, Mary Michal. The parties split domiciliary custody of their younger son Wesley, each having six months per year with the child.
[2] For the foregoing reasons, we pretermit discussion of Lynn's other assignments of error. Specifically, Lynn asserted that the trial court erred by declaring the two consent judgments null and void because an action of nullity is not available 12 years after these judgments. By her last assignment of error, Lynn cites Clay v. Clay, 358 So.2d 649 (La.App. 1st Cir. 1978), to argue that Robert essentially "ratified" the provisions in dispute by paying for his oldest son's college expenses.