BROWN, Chief Judge.
 

 _J/The issue in this appeal is whether the trial court erred in enforcing a provision in a Joint Custody Implementation Plan (“JCIP”) relating to college expenses of the parties’ two children. For the reasons set forth below, we find the provision addressing college expenses to be ambiguous and therefore unenforceable.
 

 Procedural Background
 

 Lisa and Darrell Miller married in 1983 and had two children: Landon, born in 1989, and Spencer, born in 1992. Thereafter, the parties were divorced on August 14, 2003. In conjunction therewith, the parties entered into two agreements, a JCIP and a Community Property Settlement. Lisa had an attorney throughout this process, while Darrell chose to represent himself.
 

 On August 16, 2007, Darrell filed a petition to decrease his child support based upon the fact that Landon had turned 18. In her responsive pleading, Lisa sought,
 
 inter alia,
 
 modification of the JCIP or the setting of specific visitation times to reflect the parties’ actual periods of physical custody and visitation, past due child support, contempt, attorney fees and costs, and enforcement of two provisions in the JCIP relating to college and transportation expenses of the parties’ children. Darrell filed an exception of no right of action in which he claimed that Landon was the proper party to bring the claim for college expenses. This exception was apparently denied by the trial court.
 

 l2The issue in the instant appeal arises from the trial court’s interpretation and enforcement of the “Miscellaneous Provisions” section found in the final paragraph of the JCIP, which reads as follows:
 

 N.
 
 MISCELLANEOUS PROVISIONS:
 

 
 *817
 
 (1) Darrell Lloyd Miller agrees to begin setting funds aside for the minor children to attend post-secondary education, necessary to pay tuition, books, supplies, and room and board, not to exceed four (4) years;
 

 (2) Darrell Lloyd Miller agrees to provide reliable transportation for the minor children when the minor children reach the age required by law to operate a motor vehicle and shall pay the insurance associated with said vehicle.
 
 [1]
 

 The parties settled all issues except for those related to the above provisions. Briefs were submitted by both sides and a hearing was held on February 20, 2008. The only testimony presented at this hearing was on the issue of transportation expenses. The trial court found that the provisions in the JCIP were not ambiguous and ordered Darrell to pay for all college expenses and to provide a vehicle (or reimburse Lisa for the amounts she has paid) for both of the children. A judgment in conformance therewith was signed on June 20, 2008. It is from this judgment that Darrell has appealed.
 

 Discussion
 

 In Louisiana, as in a majority of other states, a parent generally has no legal duty to support his or her children beyond the age of 18. La. C.C. art. 227; La. C.C. art. 230. Although most financially able parents willingly [^assist then-adult children in obtaining a higher education, any duty to do so is a moral rather than a legal one, absent a binding contractual agreement by the parent to pay such support.
 
 See, e.g., Grapin v. Grapin,
 
 450 So.2d 853 (Fla.1984);
 
 Madson v. Madson,
 
 636 So.2d 759 (Fla. 2d DCA 1994);
 
 H.P.A. v. S.C.A.,
 
 704 P.2d 205 (Alaska 1985).
 

 A contract is the law between the parties.
 
 Industrial Roofing & Sheet Metal Works, Inc. v. J.C. Dellinger Memorial Trust,
 
 32,048 (La.App.2d Cir.08/20/99), 751 So.2d 928,
 
 writs denied,
 
 99-2948, 99-2958 (La.12/17/99), 752 So.2d 166. In determining the terms of a contract, the court’s duty is confined to the ascertainment of the limits of the rights and obligations of the contracting parties as they have defined for themselves.
 
 Bonomo Builders, Inc. v. Aztec Paving & Heavy Construction Company,
 
 38,236 (La.App.2d Cir.03/03/04), 867 So.2d 935;
 
 Color Stone International, Inc. v. Last Chance CDP, LLC,
 
 08-35 (La.App. 5th Cir.05/27/08), 986 So.2d 707. Courts are bound to give legal effect to all written contracts according to the true intent of the parties. This intent is to be determined by the words of the contract when these are clear, explicit and lead to no absurd consequences. La. C.C. art.2046;
 
 First South Farm Credit, ACA v. Gailliard Farms, Inc.,
 
 38,731 (La. App.2d Cir.08/18/04), 880 So.2d 223. Generally, a divorce settlement, in which parties memorialize their agreements, is a contract to which courts are bound to give legal effect according to the parties’ true intent.
 
 McCarroll v. McCarroll,
 
 96-2700 (La.10/21/97), 701 So.2d 1280;
 
 Holmes v. Willett,
 
 00-007914 (La.App. 3d Cir.11/02/00), 773 So.2d 204,
 
 writ denied,
 
 01-0291 (La.03/23/01), 787 So.2d 999.
 

 Under Louisiana law, when there is any doubt about the meaning of an agreement, the court must ascertain the common intention of the parties, rather than adhering to the literal sense of the terms.
 
 Industrial Roofing & Sheet Metal Works, Inc., supra.
 
 The trial court’s im
 
 *818
 
 tial inquiry should be whether the words of the contract clearly and explicitly set forth the intent of the parties. This methodology limits the interpretation of a contract to the internal language of the contract itself.
 
 Id.
 
 If this intent cannot be adequately discerned from the contract itself, the court may then consider evidence as to the facts and circumstances surrounding the parties at the time the contract was made.
 
 Id.; Liem v. Austin Power, Inc.,
 
 569 So.2d 601 (La.App. 2d Cir.1990).
 

 Parol or extrinsic evidence is generally inadmissible to vary the terms of a written contract unless the written expression of the common intention of the parties is ambiguous. La. C.C. art. 1848;
 
 Campbell v. Melton,
 
 01-2578 (La.05/14/02), 817 So.2d 69;
 
 Ortego v. State, Through the Department of Transpotation & Development,
 
 96-1322 (La.02/25/97), 689 So.2d 1358. A contract is considered ambiguous on the issue of intent when either it lacks a provision on that issue, the terms of a written contract are susceptible to more than one interpretation, there is uncertainty or ambiguity as to its provisions, or the intent of the parties cannot be ascertained from the language employed.
 
 Campbell, supra; Ortego, supra; Dixie Campers, Inc. v. Vesely Co.,
 
 398 So.2d 1087 (La. 1981);
 
 Sequoia Venture No.
 
 2
 
 Ltd. v. Cassidy,
 
 42,426 (La.App.2d Cir.10/10/07), 968 So.2d 806,
 
 writ denied,
 
 07-2210 (La.01/11/08), 972 So.2d 1166.
 

 Whether a contract is ambiguous or not is a question of law.
 
 Industrial Roofing & Sheet Metal Works, Inc., supra.
 
 When appellate review is not premised upon any factual findings made at the trial court level, but is instead based upon an independent review and examination of the contract on its face, the manifest error rule does not apply. In such cases, appellate review of questions of law is simply whether the trial court was legally correct or incorrect.
 
 Id.; Noel v. Discus Oil Corporation,
 
 30,561 (La.App.2d Cir.05/13/98), 714 So.2d 105;
 
 McDuffie v. Riverwood International Corporation,
 
 27,292 (La. App.2d Cir.08/23/95), 660 So.2d 158.
 

 Darrell contends that the trial court erred in finding the language in the provision relating to payment of the parties’ children’s college expenses to be clear and unambiguous. He contrasts the language used by the parties in the JCIP instant case to that found in a provision addressing college expenses of a divorcing couple in
 
 Gray v. Gray,
 
 37,884 (La.App.2d Cir.12/12/03), 862 So.2d 1097.
 

 In
 
 Gray,
 
 the parties specified that Robert Gray would “provide monies necessary for the college education of the minor children of the marriage same to be an enforceable obligation contractually even though the children have reached the age of majority prior to the completion of their educational endeavors.” Although the trial court found the provision to be null and void because it was vague and ambiguous as to the expenses to be Lpaid by Robert Gray (“necessary” expenses), the Second Circuit reversed the trial court’s judgment, using a common sense approach in interpreting what “necessary” expenses were in the context of the parties’ agreement to uphold the provision.
 

 Because of the different terminology and wording used by the parties in
 
 Gray
 
 and the case before this court,
 
 Gray
 
 is not factually on point. In the instant case, the parties provided that “Darrell Lloyd Miller agrees to begin setting funds aside for the minor children to attend post-secondary education necessary to pay tuition, books, supplies, and room and board not to exceed four (4) years.” While the type of college expenses that the Millers anticipated to arise are specified in this provision, as is the duration of the obligation, the
 
 *819
 
 vagueness or ambiguity in this case is found in the first part of the provision— “Darrell Lloyd Miller agrees to begin setting funds aside” .... ” When? How much? Where are the funds to be placed or invested? More importantly, is Darrell to be responsible for the entire cost of the children’s college education? What exactly did the parties intend? This provision fails to clearly and explicitly set forth the parties’ intent and is therefore ambiguous. The trial court erred in finding otherwise. As Darrell points out, the rest of the agreement addresses custody issues, and gives this court very little guidance in the matter
 
 subjudice.
 

 Our inquiry does not end here, however. Since Lisa is demanding performance of this obligation, she bears the burden of proving its existence. La. C.C. art. 1831;
 
 Myers v. Myers,
 
 532 So.2d 490 (La.App. 1st Cir.1988). The parties provided the trial court with briefs containing their legal arguments on this issue. As noted above, at the February 20, 2008, hearing, the only testimony presented pertained to the issue of transportation expenses. The record contains no evidence whatsoever from which this court could clarify the intent of the parties as to:
 
 when
 
 Darrell was to begin setting aside funds;
 
 how much
 
 he was to set aside;
 
 where
 
 he was to place or invest the funds; and
 
 what percentage
 
 of the children’s college education was to be borne by Darrell.
 

 Looking to the extrinsic evidence of their dealings and conduct in relation to their agreement as can be gleaned from this record, we note the following. Although the parties’ original custody arrangement was that the children would spend equal time with each parent, the reality was that they were with Lisa more. Darrell paid his set monthly child support obligation, but did not pay the amount he was required to pay (10%) whenever he worked overtime or earned supplemental income. Lisa worked more than one job and paid all of the boys’ expenses, including college and transportation, without seeking assistance or contribution from Darrell. It was only when Darrell filed the instant rule to reduce his monthly child support obligation based upon the fact that the couple’s oldest son had turned 18 that Lisa sought to amend the custody arrangement to reflect the actual time spent by the couple’s youngest son with each party, to collect the past-due child support, and to enforce the provisions in the JCIP.
 

 None of this, however, gives us any indication of what the parties intended by the wording they utilized in the provision relating to college | Sexpenses. If the intent of the parties cannot be ascertained from the terms of the written contract or parol evidence about that intent, ambiguous contract provisions will be construed against the party who prepared it. La. C.C. art. 2056;
 
 Campbell, supra.
 
 In case of doubt that cannot otherwise be resolved, a contract must be interpreted against the obli-gee and in favor of the obligor of a particular obligation. La. C.C. art.2057.
 

 Without any evidence of the parties’ intent, in light of the above, we are constrained to set aside Miscellaneous Provision (1) in the JCIP related to the payment of college expenses for vagueness and ambiguity.
 

 Conclusion
 

 For the reasons set forth above, that portion of the judgment ordering defendant, Darrell Lloyd Miller to reimburse plaintiff, Lisa Daneen Woolsey Miller, the amount of $4,319.06, representing the college expenses she has paid on behalf of the parties’ oldest son, is hereby reversed, as is that portion of the judgment ordering defendant to pay any such future ex-
 
 *820
 
 pensés. In all other respects, the judgment of the trial court is affirmed.
 

 [1]
 

 . This provision is not at issue in the instant appeal. While Darrell asked this court in the conclusion section of his brief to set the transportation provision aside, there was neither assignment of error specifically related to nor discussion of this issue in brief.